Joseph Dewayne **CASTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–02–00014–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 22, 2002.

Decided Sept. 4, 2002.

Mary Ann Rea, Longview, for appellant.

Andy Porter, Asst. Dist. Atty., William M. Jennings, Gregg County Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice MORRISS.

Joseph Dewayne Caster appeals from his conviction on his plea of guilty without a plea agreement for the offense of burglary of a habitation. The trial court sentenced Caster to fifteen years' confinement. Caster was convicted, in a single trial, of this offense and of the offense of assault on a public servant. This appeal concerns only his conviction for burglary of a habitation. The causes have been appealed separately, yet the contentions on appeal are identical.

Caster contends the trial court erred by sentencing him without first ordering a substance abuse evaluation. His contention is based on TEX.CODE CRIM. PROC. ANN. ART. 42.12, § 9(h) (Vernon Supp.2002), which provides that, on determination that alcohol or drug abuse may have contributed to the commission of the offense, the trial court **shall** direct the preparation of an evaluation to determine the appropriateness of rehabilitation for the defendant. Article 42.12, § 9(h)(2) provides specifically that the "evaluation shall be made: ... after conviction and before sentencing, if the judge assesses punishment in the case."

The statute requires the court to order the evaluation after it determines that alcohol or drug abuse may have contributed to the commission of the offense. It does not specify whether this determination is to be made *sua sponte* by the court, or whether such a finding must be requested by the defendant in order to bring the statute into play.[1]

In this case, however, we need not address that issue. The contention now raised on appeal was not brought to the trial court's attention. A timely objection or request is a prerequisite to presenting a matter for appellate review. TEX.R.APP. P. 33.1(a). In the absence of such an objection or request, we may not address the issue on appeal. The contention of error is overruled.

We affirm the judgment.

---

1. No such determination was made by the court, and none was requested by the defendant in this case.