**Wendell Marcel BRADFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00062–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Aug. 30, 2002.

Decided Sept. 19, 2002.

---

**11.** 688 S.W.2d 631 (Tex.App.-Corpus Christi 1985).

**12.** Id. at 632.

**144**

John W. Moore, Holmes Law Office, PC, Longview, for appellant.

Tim Cone, Upshur County District Attorney, Angela J. Norton, Assistant District Attorney, Gilmer, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Wendell Marcel Bradford appeals the revocation of his community supervision. On February 27, 1997, Bradford pleaded guilty to aggravated assault. Pursuant to a Plea Bargain Agreement, the trial court sentenced Bradford to ten years' community supervision. On August 22, 2000, the State filed a Motion to Revoke Bradford's community supervision. The trial court heard evidence and arguments on the Motion to Revoke on January 25, 2002. The trial court found all the allegations in the motion to be true, revoked Bradford's community supervision, and sentenced Bradford to ten years' imprisonment.

■ In his first point of error, Bradford contends the trial court erred by sentencing him without first ordering a substance abuse evaluation. Article 42.12, § 9(h) provides that when the judge determines

[T]hat alcohol or drug abuse may have contributed to the commission of the offense, ... the judge shall direct a supervision officer approved by the community supervision and corrections department or the judge or a person, program, or other agency approved by the Texas Commission on Alcohol and Drug Abuse, to conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for, alcohol or drug rehabilitation for a defendant and to report that evaluation to the judge.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(h) (Vernon Supp.2002).

A substance abuse evaluation, also commonly called a "SASSI" test, was ordered in 1997 as a condition of Bradford's community supervision. Thus, the trial court complied with the requirements of Article 42.12, § 9(h)(4) at the time it accepted Bradford's guilty plea and the Plea Bar-

gain Agreement. The issue then becomes whether Article 42.12, § 9(h)(3) requires a second evaluation before sentencing Bradford after the trial court had determined it would revoke Bradford's community supervision. To answer that question, we must analyze what is actually required by the statute.

▋ "When interpreting a statute, we look to the literal text of the statute for its meaning, and ordinarily give effect to that plain meaning. We go beyond the literal language of the statute only when 'the plain language of [the] statute would lead to absurd results, or if the language is not plain but rather ambiguous.' " *Ex parte Russell*, 60 S.W.3d 875, 876 (Tex.Crim. App.2001) (quoting *Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991)). "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992).

Article 42.12, § 9(h) requires the evaluation to be made

(1) after arrest and before conviction, if requested by the defendant;

(2) after conviction and before sentencing, if the judge assesses punishment in the case;

(3) after sentencing and before the entry of a final judgment, if the jury assesses punishment in the case; *or*

(4) after community supervision is granted, if the evaluation is required as a condition of community supervision under . . . this article.

(Emphasis added.) The disjunctive conjunction "or," written between subsections three and four, is important in this statute;

use of the word "or" means the statute may be satisfied in any one of four ways. If a defendant requests an evaluation before sentencing and the trial court grants the defendant's request, the statute is satisfied. There is no need to require a trial court to order another evaluation after a defendant pleads guilty, but before the court sentences the defendant when the trial court receives the evaluation results at the time of the guilty plea.

In Bradford's case, a plain reading of the statute indicates the trial court met the requirements of Article 42.12, § 9(h) when it first ordered a substance abuse evaluation (This does not mean the trial court cannot order another evaluation if the court deems one is needed.). An evaluation had already been ordered as a condition of Bradford's felony probation, the result of which, presumably, was part of the community supervision officer's file and available to the trial court at the time of sentencing. Additionally, there was no indication at the revocation hearing that Bradford had a substance abuse problem. He had denied any substance abuse to his community supervision officer. And although Bradford had recently been arrested for driving while intoxicated (DWI), an arrest for an alcohol-related crime, though troubling, is not a per se indicia of alcoholism. We overrule Bradford's first point of error.

■ In his second point of error, Bradford alleges the trial court erred by failing to order a presentence investigation (PSI) report before sentencing him. Bradford avers that his "Authorization for Judge To Review Presentence Investigation Report Prior To Determination of Guilt" is a request for a PSI report. That authorization was filed on February 28, 1997, almost five years before the revocation hearing.

Article 42.12, § 9 of the Texas Code of Criminal Procedure requires the trial

court to order the preparation of a PSI report when one is timely requested by the defendant. *Whitelaw v. State*, 29 S.W.3d 129 (Tex.Crim.App.2000). In this case, there is no evidence that Bradford requested a PSI report at any time after being placed on community supervision and before, or during, the revocation hearing. Therefore, Bradford failed to trigger the requirements of Article 42.12, § 9.

Additionally, we do not believe the 1997 authorization for the trial court to review a PSI report qualifies as a timely request for a PSI report. Bradford's second point of error is overruled.

We affirm the trial court's judgment.