In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00116-CR


______________________________




ANGEL ALBERTO, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 29102-A




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Opinion by Justice Cornelius


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 Angel Alberto and Armando Aguilliar flagged down a car that had just left a nightclub. 
Alberto used a shotgun to force the driver and passenger out of the car. Alberto and Aguilliar then
took the car. Alberto pleaded guilty, without a plea agreement, to aggravated robbery. The trial
court sentenced him to twenty years' imprisonment. Alberto contends that the trial court erred in
sentencing him without the benefit of a substance abuse evaluation and that his sentence is
disproportionate to the offense.

 Article 42.12, Section 9(h)(2) of the Texas Code of Criminal Procedure provides, 

 (h) On a determination by the judge that alcohol or drug abuse may have
contributed to the commission of the offense, . . . the judge shall direct a supervision
officer . . . to conduct an evaluation to determine the appropriateness of, and a course
of conduct necessary for, alcohol or drug rehabilitation for a defendant and to report
that evaluation to the judge. The evaluation shall be made:


 . . . .


 (2) after conviction and before sentencing, if the judge assesses
punishment in the case.


Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h)(2) (Vernon Supp. 2003). The statute is mandatory. 
Smith v. State, No. 06-02-00054-CR, 2002 WL 31398471, at *2 (Tex. App.-Texarkana Oct. 25,
2002, no pet.); Caster v. State, 87 S.W.3d 751, 752 (Tex. App.-Texarkana 2002, no pet.). 
Nevertheless, a party must assert his or her right to a substance abuse evaluation or it is waived. See
Smith v. State, 2002 WL 31398471, at *2; Caster v. State, 87 S.W.3d at 752; see also Tex. R. App.
P. 33.1(a). Because Alberto did not raise this issue in the trial court, it is waived. 

 Alberto also contends his punishment is disproportionate to the offense. He was convicted
of a first degree felony, the punishment range for which is not less than five nor more than ninety-nine years' or life imprisonment. See Tex. Pen. Code Ann. §§ 12.32(a), 29.03(b) (Vernon 1994). 
The trial court sentenced Alberto to twenty years' imprisonment.

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, in
Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.), this Court recognized
that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment
to the United States Constitution apart from any consideration of whether the punishment assessed
is within the range established by the Legislature. See also Fluellen v. State, 71 S.W.3d 870, 873
(Tex. App.-Texarkana 2002, pet. ref'd); Latham v. State, 20 S.W.3d 63, 68-69 (Tex.
App.-Texarkana 2000, pet. ref'd).

 Our proportionality analysis under both the Eighth Amendment to the United States
Constitution and Article I, Section 13 of the Texas Constitution is guided by (1) the gravity of the
offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same
jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. 
See Solem v. Helm, 463 U.S. 277, 292 (1983); Simmons v. State, 944 S.W.2d 11, 15 (Tex.
App.-Tyler 1996, pet. ref'd) (evaluating appellant's Texas constitutional claim of cruel and unusual
punishment under test outlined in Solem). Only if we find that the sentence is grossly
disproportionate to the offense will we then consider the remaining factors of the Solem test and
compare the sentence received to sentences for similar crimes in the same jurisdiction and to
sentences for the same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.-Texarkana 1995, pet. ref'd).

 Alberto did not present this issue to the trial court; therefore, he did not preserve it for our
review. See Tex. R. App. P. 33.1(a); Jackson v. State, 989 S.W.2d at 844. Even if Alberto's
contention had been preserved for review, there is no evidence in the record comparing the sentences
imposed on persons in Texas with sentences imposed against defendants in other jurisdictions who
committed a similar offense. See Fluellen v. State, 71 S.W.3d at 873; Latham v. State, 20 S.W.3d
at 69; Davis v. State, 905 S.W.2d at 664-65.

 We affirm the judgment.


 William J. Cornelius*

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: October 28, 2002

Date Decided: February 13, 2003


Publish



ntoxicated.
          Trial began June 23, 2002. The State offered into evidence the medical records of
Roberts and one of the victims, Stephanie Cope. Without objection from defense counsel,
the trial court admitted all records under the business records exception to the rule against
hearsay. See Tex. R. Evid. 803(6). Roberts' medical records showed his blood-alcohol
content to be 0.298. 
          On appeal, Roberts contends his trial counsel was ineffective for a number of
reasons. He argues that, during defense counsel's cross-examination of State's witnesses,
particularly Officers James Blount and Matt Birch, counsel elicited testimony, not elicited
by the State, that was designed to prejudice and inflame the jury against him. Additionally,
Roberts contends, defense counsel failed to object to any testimony from Lieutenant Bob
Hundley despite the State's failure to qualify Hundley as an accident reconstruction expert. 
During Hundley's testimony regarding a bottle of vodka found in or near the ditch at the site
of the collision, Roberts contends, defense counsel's questions led to Hundley's conclusion
that the bottle was found under Roberts' truck. Finally, defense counsel failed to object to
the State's pathologist's testimony that the test results revealed Roberts had a 0.298 blood-alcohol content. This testimony, according to Roberts, demonstrated that the State failed
to establish a chain of custody necessary for admission of the results of the laboratory
tests. Roberts points to trial counsel's failure to object to the reports and to the
pathologist's testimony as two of the many aspects of trial counsel's performance that
render his assistance ineffective.
Ineffective Assistance of Counsel
          Federal and state constitutions guarantee the right to reasonably effective
assistance of counsel in a state criminal proceeding. McMann v. Richardson, 397 U.S.
759, 771 n.14 (1970); Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). When
evaluating a claim of ineffective assistance of counsel, we employ the two-pronged test as
set out in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Hernandez v. State,
726 S.W.2d 53, 54–55 (Tex. Crim. App. 1986).
          Under the Strickland-Hernandez standard, first, we must determine whether
counsel's performance fell below an objective standard of reasonableness under prevailing
professional norms. Strickland, 466 U.S. at 687. On a finding of deficient performance of
trial counsel, we must assess whether there is a reasonable probability that, but for the
deficient performance, the outcome of the proceeding would have been different. Id. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Id. An appellant must prove both deficiency and harm by a preponderance of the
evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
          Further, in order to prevail on a claim of ineffective assistance of counsel, any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999); Josey v. State, 97 S.W.3d 687, 696 (Tex. App.—Texarkana
2003, no pet.). Judicial review of a defendant's claim of ineffective assistance must be
highly deferential to trial counsel. Thompson, 9 S.W.3d at 813. We employ a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Id.; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
          We will not speculate about trial counsel's strategy. Blevins v. State, 18 S.W.3d
266, 271 (Tex. App.—Austin 2000, no pet.). That another attorney might have pursued a
different course of action does not necessarily indicate ineffective assistance. Harner v.
State, 997 S.W.2d 695, 704 (Tex. App.—Texarkana 1999, no pet.). The challenged
conduct will not constitute deficient performance unless the conduct was so outrageous
that no competent attorney would have engaged in it. Garcia, 57 S.W.3d at 441; see
Thompson, 9 S.W.3d at 814. "If counsel's reasons for his conduct do not appear in the
record and there is at least the possibility that the conduct could have been legitimate trial
strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance
claim on direct appeal." Ortiz v. State, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002); see
Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003). Simply put, when the
record before us contains no evidence of the rationale supporting trial counsel's actions,
we cannot conclude that his performance was deficient. See Mallett v. State, 65 S.W.3d
59, 64–65 (Tex. Crim. App. 2001). 
          Claims of ineffective assistance of trial counsel can be properly addressed on direct
appeal if the appellate record is sufficiently developed. Robinson v. State, 16 S.W.3d 808,
813 n.7 (Tex. Crim. App. 2000). Generally, however, the record on direct appeal will not
be sufficiently developed to show that counsel's representation was so deficient and so
lacking in tactical or strategic decision-making as to overcome the presumption that
counsel's conduct was reasonable and professional. Mallett, 65 S.W.3d at 63; Thompson,
9 S.W.3d at 813–14. The Texas Court of Criminal Appeals has explained that appellate
courts can rarely decide the issue of ineffective assistance of counsel because the record
almost never speaks to the strategic reasons trial counsel may have considered. The
proper procedure for raising this claim is, therefore, almost always an application for writ
of habeas corpus. Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003). 
Nevertheless, some claims may be disposed of on direct appeal where "trial counsel's
ineffectiveness is so apparent from the record." Massaro v. United States, 538 U.S. 500,
508 (2003); Freeman v. State, 125 S.W.3d 505, 507 (Tex. Crim. App. 2003); Sessums v.
State, 129 S.W.3d 242, 247 (Tex. App.—Texarkana 2004, pet. filed).
Analysis
          Here, the record does not affirmatively demonstrate trial counsel's strategy for his
actions and inactions. It only shows us the acts or omissions made during the course of
the trial and leaves only room for speculation as to the reasons counsel may have had for
making the choices he made.
          For instance, while we recognize that, in order for the results of the laboratory test
to be admissible, the State must establish a chain of custody,


 we also note Roberts fails
to demonstrate that the State could not have established the proper chain of custody. See
Penley v. State, 2 S.W.3d 534, 537 (Tex. App.—Texarkana 1999, pet. ref'd). He only
points out that the State did not establish it. Defense counsel may have had a purpose in
not objecting. Perhaps he knew the State would be able to establish the chain of custody
on his objection. Rather than waste time and appear disruptive before the jury, counsel
may have decided to forego an objection he thought would be fruitless. At any rate, our
speculation would be immaterial since the record does not affirmatively show counsel's
reason for not objecting. See Mallett, 65 S.W.3d at 64–65. 
          We deem the record inadequate to make a fair evaluation of Roberts' claim under
Strickland. We cannot conclude from this record that Roberts satisfied the first prong of
the Strickland test. That is, the record does not demonstrate that counsel's actions fell
below an objective standard of reasonableness. Further, we cannot conclude that
counsel's performance was so outrageous that no competent attorney would have
engaged in it. Roberts has failed to overcome the strong presumption that his attorney's
performance fell within the wide range of professional representation.


 Therefore, we
overrule Roberts' point of error. 
          Accordingly, we affirm the trial court's judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      June 1, 2004
Date Decided:         June 10, 2004

Do Not Publish