In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00146-CR


______________________________




GREGORY HAROLD JACKSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29295-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 On July 27, 2001, Gregory Harold Jackson was arrested at the Longview Amtrak station after
police discovered the drug "ecstasy" in his luggage. Jackson pled guilty (no plea bargain) to
possession of more than four grams but less than 400 grams of ecstasy. He was sentenced to five
years' imprisonment with no fine assessed. In one point of error, Jackson contends the trial court
erred in sentencing him without a substance abuse evaluation. 

 Jackson's contention is based on Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h) (Vernon
Supp. 2003), which provides that, on determination that alcohol or drug abuse may have contributed
to the commission of the offense, the trial court shall direct the preparation of an evaluation to
determine the appropriateness of rehabilitation for the defendant. Article 42.12, Section 9(h)(2)
specifically provides that the "evaluation shall be made: . . . after conviction and before sentencing,
if the judge assesses punishment in the case." 

 Article 42.12 requires the court to order the evaluation after it determines that alcohol or drug
abuse may have contributed to the commission of the offense. But it does not specify whether this
determination is to be made sua sponte by the court, or whether the defendant must request such a
finding in order to bring the statute into play. Here, the court made no such determination and
Jackson did not request an evaluation in this case. In addressing this issue, we have held that a
timely objection or request is a prerequisite to presenting the issue for appellate review. Caster v.
State, 87 S.W.3d 751 (Tex. App.-Texarkana 2002, no pet.) (citing Tex R. App. P. 33.1(a)).

 Jackson, however, contends the trial court was required, sua sponte, to order a presentencing
evaluation. Specifically, he points to the word "shall" in the statute as mandatory language requiring
the trial court to order an evaluation. (1) Jackson is correct that an evaluation is mandatory once a court
finds that alcohol or drug abuse contributed to the commission of the offense. The statute's
mandatory language, however, does not apply to the initial finding that alcohol or drug abuse so
contributed. We believe a party must make an initial request for such a finding or else it is waived. 
In Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim App. 1993), overruled on other grounds, 891
S.W.2d 267 (Tex. Crim. App. 1994), the Texas Court of Criminal Appeals discussed, in-depth, the
types of rights that can be waived if not objected to or requested at trial. According to the Texas
Court of Criminal Appeals, most rights based on "evidentiary and procedural rules" can be waived
if not requested. See Marin, 851 S.W.2d at 278. This general proposition has been construed to
apply to presentencing evaluations because presentence investigation (PSI) reports have an
evidentiary basis. See Wright v. State, 873 S.W.2d 77, 83 (Tex. App.-Dallas 1994, pet. ref'd)
(holding right to have trial court order preparation of PSI report before sentencing is forfeitable by
inaction). As we stated in Caster, "a timely objection or request is a prerequisite to . . . appellate
review . . . and in the absence of such an objection or request, we may not address the issue on
appeal." 

 Jackson's point of error is overruled, and we affirm the judgment. 




 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 26, 2003

Date Decided: March 26, 2003


Do Not Publish


1. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h) (Vernon Supp. 2003) provides, in pertinent
part: "On a determination by the judge that alcohol or drug abuse may have contributed to the
commission of the offense, . . . the judge shall direct . . . an evaluation to determine the
appropriateness of, and a course of conduct necessary for, alcohol or drug rehabilitation for a
defendant and to report that evaluation to the judge." (Emphasis added.)


enter">In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00034-CV
______________________________


BOBBY J. WHEELER, JR., Appellant
 
V.
 
SECURITY STATE BANK, N.A., Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 696-03


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            Bobby J. Wheeler, Jr., acting pro se, claims on appeal, as he asserted in the trial court, that
he did not sign the larger of two promissory notes in favor of Security State Bank, N.A., on which
the Bank obtained summary judgment against him. Because Wheeler failed both to verify his denial
of the signature and to respond to the Bank's motion for summary judgment, his defense fails.


 We
affirm the judgment. 
            The question on appeal of a summary judgment is whether the summary judgment proof
establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential
elements of the plaintiff's cause of action. Gibbs v. Gen. Motors Corp., 450 S.W.2d 827 (Tex.
1970).
            In answering the above question, we must follow certain well-established rules. Summary
judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and
that the moving party is entitled to a judgment as a matter of law. Great Am. Reserve Ins. Co. v. San
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). The burden of proof is on the
movant, and all doubts as to the existence of a genuine issue of material fact are resolved against
him. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). The evidence must be
viewed in the light most favorable to the party opposing the motion. Id. at 548–49. All conflicts in
the evidence are disregarded, and the evidence which tends to support the position of the party
opposing the motion is accepted as true. Id.
            Evidence which favors the movant's position is not considered unless it is uncontradicted. 
Great Am. Reserve Ins. Co., 391 S.W.2d at 47. If such uncontradicted evidence is from an interested
witness, it cannot be considered as doing more than raising an issue of fact unless it is clear, direct,
and positive, and there are no circumstances in evidence tending to discredit or impeach such
testimony. Id. This exception is especially true where the opposite party has the means and
opportunity of disproving the testimony, if it is not true, and fails to do so. Id. After all the evidence
has been sifted in this manner, the trial court must determine whether the movant is entitled to a
judgment as a matter of law. Id. Issues not expressly presented to the trial court by written motion,
answer, or other response shall not be considered on appeal as grounds for reversal.


 Tex. R. Civ.
P. 166a(c).
            With these rules in mind, we hold that (1) the challenged signature's authenticity is not before
this Court, and (2) the Bank's summary judgment evidence is legally sufficient, entitling it to
judgment as a matter of law.
1. The Authenticity of the Challenged Signature Is Not Before This Court
            The issue regarding the authenticity of the challenged signature is not before this Court. Rule
93(7) of the Rules of Civil Procedure requires that a party denying the execution of a document must
file a verified pleading of their contentions. Tex. R. Civ. P. 93(7). Absent such a verified pleading,
the document is received into evidence as fully proved. Boyd v. Diversified Fin. Sys., 1 S.W.3d 888,
891 (Tex. App.—Dallas 1999, no pet.).
            Wheeler's answer to the Bank's petition was unverified. Both promissory notes thus came
into evidence fully proved.


 Wheeler's assertions regarding the authenticity of the signature on the
larger note were not before the trial court and, subsequently, are not before this Court.
            We must then frame the issue before us in a manner consistent with the status of the
pleadings below. Wheeler failed to file a verified answer and also failed to respond to the motion
for summary judgment. When a party does not respond to a motion for summary judgment, on
appeal he may complain only that the proof supporting the summary judgment is insufficient as a
matter of law. Clear Creek Basin Auth., 589 S.W.2d at 678. We will, therefore, address the legal
sufficiency of the Bank's summary judgment evidence as the sole issue presented on appeal.
2. The Bank's Summary Judgment Evidence Is Legally Sufficient

            To prevail on a motion for summary judgment to enforce a promissory note, a plaintiff must
establish that (1) a note exists, (2) the plaintiff is the legal owner and holder of the note, (3) the
defendant is the maker of the note, and (4) a certain balance is due and owing on the note. Scott v.
Commercial Servs. of Perry, Inc., 121 S.W.3d 26, 29 (Tex. App.—Tyler 2003, pet. denied). If no
genuine issue of material fact exists as to any of these elements, the plaintiff is entitled to summary
judgment as a matter of law. See Tex. R. Civ. P. 166a(c).
            Here, the Bank established all four elements as a matter of law. First, it established existence
of the notes by attaching true and correct copies of the notes as exhibits to its motion and filing a
sworn affidavit in verification of the copies. A photocopy of a promissory note, attached to an
affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note,
is proper summary judgment proof which establishes the existence of the note. Johnson, 610 S.W.2d
143; Town N. Nat'l Bank v. Broaddus, 569 S.W.2d 489, 490 (Tex. 1978); Blankenship v. Robins, 899
S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ).
            Second, the Bank established ownership and possession of the notes when Honea's affidavit
recited that Wheeler "executed and delivered to [the Bank]" both promissory notes. A summary
judgment may be based on uncontroverted testimonial evidence of an interested witness if the
evidence is clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted. Tex. R. Civ. P. 166a(c); Great Am.
Reserve Ins. Co., 391 S.W.2d at 47. 
            Next, to prove that the defendant is the maker of the note, the plaintiff must present summary
judgment evidence indicating that the defendant's signature appears on the note or that a
representative of the defendant signed the note on the defendant's behalf.


 Tex. Bus. & Com. Code
Ann. § 3.401(a) (Vernon 2002). As discussed above, the Bank established that Wheeler signed the
notes because Wheeler failed to deny the authenticity of the signatures by verified answer, and the
notes were received as fully proved. See Tex. R. Civ. P. 93(7).
            Finally, Honea established a balance due and owing on the notes by stating in his affidavit
that, as of July 24, 2004, there remained due and owing on the notes a total of $16,321.99, with
interest accruing at the rate of $8.05 per day. Additionally, legal counsel's affidavit established the
amount of reasonable and necessary attorney's fees at $875.00. A lender need not file detailed proof
reflecting the calculations of the balance due on a note; an affidavit by a bank employee which sets
forth the total balance due on a note is sufficient to sustain an award of summary judgment. Scott,
121 S.W.3d at 29; Martin v. First Republic Bank, Fort Worth, 799 S.W.2d 482, 485 (Tex.
App.—Fort Worth 1990, writ denied).
            The Bank's summary judgment evidence established that it was entitled to judgment on the
notes as a matter of law. There being no other evidence before the trial court, summary judgment 
 
 
 
 
was properly entered for the Bank. We overrule Wheeler's contentions and affirm the trial court's
judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 18, 2004
Date Decided:             March 3, 2005