11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion                        

 

Joseph Allen Kelley                  

Appellant

Vs.                   No.
11-02-00245-CR B Appeal from Dallas County

State of Texas

Appellee

 

Joseph
Allen Kelley entered an open plea of guilty before the trial court to the
charged offense of robbery.  TEX. PENAL
CODE ANN. ' 29.02 (Vernon 2003).  The trial court assessed punishment at 10
years confinement and a $2,500 fine. TEX. PENAL CODE ANN. ' 12.33 (Vernon 2003).

Points
of Error

Appellant
presents three points of error.  First,
appellant argues that the presentence investigation (PSI) report did not
include a proposed client supervision plan as required by TEX. CODE CRIM. PRO.
ANN. art. 42.12, ' 9(a)
(Vernon Supp. 2003).  Second, appellant
claims that the trial court failed to order a substance abuse evaluation under
TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 9(h) (Vernon Supp. 2003) to determine the appropriateness of alcohol
or drug rehabilitation.  Third,
appellant claims that his trial counsel was ineffective.  We affirm.

Background
Facts

The
complainant Esperanza Jimenez opened her door to Randy Dewpree, who asked if
her son-in-law was home.  She told him
that her son-in-law would be home later, and Dewpree asked if he could use her
phone.  As Jimenez let him in the house,
Dewpree threw her on the floor and held her down.  Two or three other men ran into the house and began to steal
items.  Jimenez=s daughter arrived home as the men were
leaving.  

A few days
later, one of the men, Trent Mason, turned himself in to the police and told
the police that appellant was one of the participants in the robbery.  Appellant was subsequently arrested, and he
confessed to the crime.  








                                                     Presentence
Investigation Report

In his
first point, appellant complains that the PSI report did not comply with
Article 42.12, section 9(a) because it did not include a proposed client
supervision plan.   Article 42.12,
section 9(a) provides in part:

[B]efore the imposition
of sentence by a judge in a felony case...the judge shall direct a supervision
officer to report to the judge in writing on the circumstances of the offense
with which the defendant is charged, the amount of restitution necessary to
adequately compensate a victim of the offense, the criminal and social history
of the defendant, and any other information relating to the defendant or the
offense requested by the judge.  It is
not necessary that the report contain a sentencing recommendation, but the
report must contain a proposed client supervision plan describing programs
and sanctions that the community supervision and corrections department would
provide the defendant if the judge suspended the imposition of the sentence or
granted deferred adjudication. 
(Emphasis added).

 

The PSI
report may be waived absent a timely objection.  Smith v. State, 91 S.W.3d 407, 409-10 (Tex.App. B Texarkana 2002, no pet=n); Summers v. State, 942 S.W.2d 695, 696-97
(Tex.App. B Houston [14th Dist.] 1997, no pet=n); Wright v. State, 873 S.W.2d 77, 83
(Tex.App. B Dallas 1994, pet=n ref=d).  Appellant did not object to
the omission in the PSI report or bring it to the trial court=s attention. 
Thus, appellant waived any complaint. 
Buchanan v. State, 68 S.W.3d 136, 140 (Tex.App. B Texarkana 2001, no pet=n). 
Appellant=s first point is overruled.

Substance
Abuse Evaluation

In his
second point, appellant argues that the trial court erred by sentencing him
without first ordering a substance abuse evaluation based upon Article 42.12,
section 9(h).  Although the evidence
indicated that appellant and his coconspirators stole marihuana from the
complainant=s house, no determination was made by the
trial court as to whether drugs or alcohol may have contributed to the offense;
and appellant did not bring to the trial court=s attention that he believed an evaluation was necessary.  Therefore, appellant has waived the point of
error.  Caster v. State, 87 S.W.3d 751,
752 (Tex.App. B Texarkana 2002, no pet=n). 
Appellant=s second point is overruled. 

Ineffective
Assistance of Counsel

In his
third point, appellant complains that his trial counsel was ineffective because
his counsel did not object to the lack of a proposed supervision plan in the
PSI report and because his counsel did not request an alcohol or drug
evaluation.  








To prevail
on a claim of ineffective assistance of counsel, an appellant must establish
that his counsel's performance fell below an objective standard of
reasonableness and that there is a “reasonable probability” that the result of
the proceeding would have been different but for counsel’s deficient
performance.  Strickland v. Washington,
466 U.S. 668 (1984); see Mallett v. State, 65 S.W.3d 59, 62-63
(Tex.Cr.App.2001).  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App.1986). The purpose of this two-pronged test is to determine whether
counsel’s conduct so compromised the proper functioning of the adversarial
process that the trial cannot be said to have produced a reliable result.  Thompson v. State, 9 S.W.3d 808, 812-13
(Tex.Cr.App.1999)(citing McFarland v. State, 845 S.W.2d 824, 843
(Tex.Cr.App.1992), cert. den’d, 508 U.S. 963 (1993)).

Our review
of defense counsel’s representation is highly deferential and presumes that
counsel’s actions fell within a wide range of reasonable professional
assistance.  Tong v. State, 25 S.W.3d
707, 712 (Tex.Cr.App.2000), cert. den’d, 532 U.S. 1053 (2001).  When the record is silent on the motivations
underlying counsel’s tactical decisions, appellant usually cannot overcome the
strong presumption that counsel’s conduct was reasonable.  See Thompson v. State, supra at 813.  In order to defeat the Strickland
presumption of reasonable professional assistance, “any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.”  Thompson v. State, supra at 814 (quoting
McFarland v. State, 928 S.W.2d 482, 500 (Tex.Cr.App.1996), cert. den’d,
519 U.S. 1119 (1997)).  In the majority
of cases, the record on direct appeal is undeveloped and cannot adequately
reflect the motives behind trial counsel’s actions.  Thompson v. State, supra at 813-14.

In the
present case, the record is silent as to why appellant’s trial counsel chose
not to object to the PSI report and not to request a substance abuse
evaluation.  The record is insufficient
to overcome the strong presumption that counsel’s conduct was reasonable.  Appellant’s third point is overruled.    








This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

May 29, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.