

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00011-CR

_____

JOSE JESUS LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36,093-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jose Jesus Lopez pled guilty to the offense of felony driving while intoxicated (DWI) and submitted the matter of punishment to the discretion of the trial court. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003) (DWI), § 49.09 (Vernon Supp. 2007) (enhanced punishments for repeat offenders). The trial court assessed Lopez's punishment at seven years' imprisonment. On appeal, Lopez raises a single appellate issue: he contends the trial court erred by sentencing him without first having the community supervision and corrections department perform a substance abuse assessment of him. We overrule this issue and affirm the trial court's judgment.

Section 9(h)(2) of Article 42.12 of the Texas Code of Criminal Procedure requires that, once a trial court determines alcohol may have contributed to the accused's commission of the charged offense,

> the judge *shall direct* a supervision officer approved by the community supervision and corrections department or the judge or a person, program, or other agency approved by the Texas Commission on Alcohol and Drug Abuse, to conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for, alcohol or drug rehabilitation of a defendant and to report that evaluation to the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(h)(2) (Vernon Supp. 2007) (emphasis added). We have consistently held that a timely request for a substance abuse evaluation is a prerequisite to presenting the matter for appellate review. *See, e.g.*, *Caster v. State*, 87 S.W.3d 751, 752 (Tex. App.—Texarkana 2002, no pet.) (citing TEX. R. APP. P. 33.1(a)); *cf. Bradford v. State*, 89 S.W.3d 143, 144–45 (Tex. App.—Texarkana 2002, no pet.) (failure to order presentence investigation (PSI)

2

report following community supervision revocation not error when appellant failed to request such). We have further been consistent on requiring an accused to object at the trial court level to the failure to order a substance abuse evaluation in circumstances such as those in the present case. *See, e.g.*, *Alberto v. State*, 100 S.W.3d 528, 529 (Tex. App.—Texarkana 2003, no pet.); *Smith v. State*, 91 S.W.3d 407, 409–10 (Tex. App.—Texarkana 2002, no pet.).

Lopez did not preserve this issue by first raising it in the trial court. He has, therefore, not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Smith*, 91 S.W.3d at 410.

Additionally, we have received a supplemental clerk's record in this case that shows a PSI report was prepared December 13, 2007, by Hollie Booth of Gregg County's Pretrial Services Division of the Community Supervision and Corrections Department. This PSI report includes a Substance Abuse Subtle Screening Inventory (SASSI) completed by Lopez, also dated December 13, 2007. The results of such testing showed Lopez had a "high probability of having a substantive dependence disorder." The entire PSI report was tendered to the trial court December 14, 2007. The guilty plea and sentencing hearings occurred December 17, 2007, and the trial court acknowledged that it had already reviewed the PSI report. Lopez affirmatively stated he did not dispute the contents of the PSI report. The record before us, therefore, affirmatively demonstrates a substance abuse evaluation was completed for—and the results considered by—the trial court before Lopez's guilty plea and sentencing hearings. No error is shown.

3

We overrule Lopez's sole appellate issue and affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:     July 22, 2008
Date Decided:       July 24, 2008

Do Not Publish