In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00011-CR


______________________________




JOSE JESUS LOPEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 36,093-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Jose Jesus Lopez pled guilty to the offense of felony driving while intoxicated (DWI) and
submitted the matter of punishment to the discretion of the trial court. See Tex. Penal Code Ann.
§ 49.04 (Vernon 2003) (DWI), § 49.09 (Vernon Supp. 2007) (enhanced punishments for repeat
offenders). The trial court assessed Lopez's punishment at seven years' imprisonment. On appeal,
Lopez raises a single appellate issue: he contends the trial court erred by sentencing him without
first having the community supervision and corrections department perform a substance abuse
assessment of him. We overrule this issue and affirm the trial court's judgment.

 Section 9(h)(2) of Article 42.12 of the Texas Code of Criminal Procedure requires that, once


a trial court determines alcohol may have contributed to the accused's commission of the charged


offense, 


the judge shall direct a supervision officer approved by the community supervision
and corrections department or the judge or a person, program, or other agency
approved by the Texas Commission on Alcohol and Drug Abuse, to conduct an
evaluation to determine the appropriateness of, and a course of conduct necessary for,
alcohol or drug rehabilitation of a defendant and to report that evaluation to the
judge.


Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h)(2) (Vernon Supp. 2007) (emphasis added). We
have consistently held that a timely request for a substance abuse evaluation is a prerequisite to
presenting the matter for appellate review. See, e.g., Caster v. State, 87 S.W.3d 751, 752 (Tex.
App.--Texarkana 2002, no pet.) (citing Tex. R. App. P. 33.1(a)); cf. Bradford v. State, 89 S.W.3d
143, 144-45 (Tex. App.--Texarkana 2002, no pet.) (failure to order presentence investigation (PSI)
report following community supervision revocation not error when appellant failed to request such). 
We have further been consistent on requiring an accused to object at the trial court level to the
failure to order a substance abuse evaluation in circumstances such as those in the present case. 
See, e.g., Alberto v. State, 100 S.W.3d 528, 529 (Tex. App.--Texarkana 2003, no pet.); Smith v.
State, 91 S.W.3d 407, 409-10 (Tex. App.--Texarkana 2002, no pet.).

 Lopez did not preserve this issue by first raising it in the trial court. He has, therefore, not
preserved this issue for appellate review. See Tex. R. App. P. 33.1(a); Smith, 91 S.W.3d at 410. 

 Additionally, we have received a supplemental clerk's record in this case that shows a PSI
report was prepared December 13, 2007, by Hollie Booth of Gregg County's Pretrial Services
Division of the Community Supervision and Corrections Department. This PSI report includes a
Substance  Abuse  Subtle  Screening  Inventory  (SASSI)  completed  by  Lopez,  also  dated
December 13, 2007. The results of such testing showed Lopez had a "high probability of having
a substantive dependence disorder." The entire PSI report was tendered to the trial court December
14, 2007. The guilty plea and sentencing hearings occurred December 17, 2007, and the trial court
acknowledged that it had already reviewed the PSI report. Lopez affirmatively stated he did not
dispute the contents of the PSI report. The record before us, therefore, affirmatively demonstrates
a substance abuse evaluation was completed for--and the results considered by--the trial court
before Lopez's guilty plea and sentencing hearings. No error is shown. 


 We overrule Lopez's sole appellate issue and affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice



Date Submitted: July 22, 2008

Date Decided: July 24, 2008


Do Not Publish





#160;                                                                  Justice
 
Date Submitted:          June 23, 2004
Date Decided:             June 24, 2004

Do Not Publish