Affirmed and Memorandum Opinion filed December 14, 2006








Affirmed and Memorandum Opinion filed December 14, 2006.

 

 

In The

 

 Fourteenth Court of
Appeals

 

 

NO. 14-05-00936-CR

NO. 14-05-00937-CR

NO. 14-05-00938-CR

NO. 14-05-00939-CR

NO. 14-05-00940-CR

____________

 

JOSE NELSON GONZALES-GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause Nos. 964,367;
994,717; 994,576;994,575;994,574

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Jose Nelson Gonzales-Garcia, entered pleas of
guilty to two counts of aggravated robbery, one count of aggravated kidnapping,
and one count of robbery.  He also entered a plea of true on a motion to revoke
probation for a felony conviction for driving while intoxicated (ADWI@).  There was no
agreement as to punishment.  The trial court made no findings of guilt and
ordered a presentence investigation (APSI@) report
prepared.  After evidence was presented at the PSI hearing, appellant was
sentenced to six years on the DWI, twenty years on the robbery, and life
imprisonment for the aggravated robberies and aggravated kidnapping, with the
sentences to run concurrently. 

In four issues on appeal, appellant contends he received
ineffective assistance of counsel.  We have examined the records, and for the
reasons stated below, we affirm.

Factual
and Procedural Background

The following facts are drawn from the PSI report and the
hearing before the trial court.  

Rosa Trejo testified that, on July 11, 2004, appellant
forced his way into her home with a pistol.  A second man also entered and
helped tie up the other people in the apartment. Appellant forced Trejo into a
bedroom and told her to take off her clothes.  At the same time, he demanded
drugs and money.  He put the pistol in her vagina.  When Trejo=s daughter cried,
he hit the child and put the pistol into her mouth.  Appellant also stuffed a
sock into Trejo=s mouth.  Appellant then rummaged through
the house looking for drugs and money while the other man watched Trejo to make
sure she did not move.

Margarita Valle testified that on July 13, 2004, appellant
broke into her home with a pistol, hit her husband repeatedly on the head with
the pistol, and then pointed the pistol at her.  Appellant threw Valle to the
floor, and, when Valle=s seventeen-month-old daughter began to
scream, he hit the girl with the pistol.  Two other men then entered the home. 
One of the men threatened to kill Valle as she tried to call 911; he pulled the
phone from her hands and assaulted her and her daughter.  After threatening the
entire family with the pistol and ransacking their home while demanding drugs
and money, appellant and the others left with a television and Valle=s wallet.








The PSI report reflects that, on July 15, 2004, appellant
and his accomplices kidnapped Seyyed Ali at gunpoint while he was in his
vehicle.  Appellant pointed a gun at Ali and threatened to kill him if he did
not cooperate.  Ali was pushed to the floorboard of the vehicle and forced to
provide his PIN number, which was used to withdraw money using Ali=s debit card.  Ali
was instructed that if he did not provide the correct PIN number, he would be
shot and dropped out of the vehicle.

The State also presented evidence of an extraneous offense
that occurred on June 25, 2005.  Edwin Calderon testified that, on that day,
appellant and two other men forced their way into his home with guns.  They
held his family at gunpoint while looking for drugs and money.  Calderon
testified that he felt safer since he and his family had moved from their
apartment, and he further testified that his mother had a miscarriage a week or
so after the incident.  Calderon=s mother, Griselda
Calderon, also testified that appellant was one of several men who entered
their home and threatened them at gunpoint.  The men stole a stereo, $10,000 in
cash, and jewelry.  She acknowledged that she miscarried about a week later,
and she attributed it to the stress of the situation.

Analysis
of Appellant=s Issues

In four issues, appellant contends that his trial counsel
rendered ineffective assistance of counsel because she (1) failed to request
that the trial court include in its PSI report an alcohol and drug evaluation
(2) failed to request that the trial court include in its PSI report a mental
health evaluation, (3) failed to ask the trial court to allow her to review the
victim impact statements of several witnesses, and (4) during the punishment
phase of the hearing, failed to object to extraneous victim impact testimony.

I.        Standard
of Review








Ineffective assistance claims are governed by the two‑pronged
test announced in Strickland v. Washington, 466 U.S. 668 (1984).  To
prove ineffective assistance, appellant must show (1) that counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient performance.  Id. at
687B96; Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App .2005).  Appellant bears the
burden of proving ineffective assistance by a preponderance of the evidence.  Rodriguez
v. State, 899 S.W.2d 658, 665 (Tex. Cr im. App. 1995).  

A strong presumption exists that counsel=s conduct fell
within the wide range of reasonable professional assistance.  Salinas,
163 S.W.3d at 740.  To defeat this presumption, A>any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.=@  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (quoting McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  When no specific
reason is given for counsel=s decisions, a record on direct appeal
will rarely contain sufficient information to evaluate an ineffective
assistance claim. See Bone v. State, 77 S.W.3d 828, 830, 833 (Tex. Crim.
App. 2002); Thompson, 9 S.W.3d at 813B14.  Further, when
counsel has not been afforded an opportunity to explain his or her decisions,
we do not find deficient performance unless the challenged conduct was A>so outrageous that
no competent attorney would have engaged in it.=@  See Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

II.       Issues
One and Two:  Was Trial Counsel Ineffective for Failing to Request that the
Trial Court Include Alcohol, Drug, and Mental Health Evaluations in Appellant=s PSI?








In his first and second issues, appellant contends he
received ineffective assistance of counsel because his trial counsel failed to
request that the trial court include in its PSI report either an alcohol and
drug evaluation as provided in Texas Code of Criminal Procedure article 42.12,
section 9(h),[1]
or a mental health evaluation as provided in article 42.12, section 9(i).[2] 
Appellant notes that courts have held that such evaluations are mandatory, but
may be waived by counsel=s failure to request them.  See Alberto
v. State, 100 S.W.3d 528, 529 (Tex. App.CTexarkana 2003, no
pet.) (recognizing alcohol or drug evaluation under article 42.12, section 9(h)
is mandatory but can be waived if not asserted in the trial court);Smith v.
State, 91 S.W.3d 407, 410 (Tex. App.CTexarkana 2002, no
pet.) (same); Garrett v. State, 818 S.W.2d 227, 229 (Tex. App.CSan Antonio 1991,
no pet.) (holding that, when record reflects a history of mental illness, a PSI
is required under section 9(i) and cannot be forfeited by failure to object); but
see Calcote v. State, 931 S.W.2d 668, 670 (Tex. App.CHouston [1st Dist]
1996, no pet.) (applying harmless error analysis to trial court=s failure to
include proposed client supervision plan as required by article 42.12, section
9(a)).  

Based on these cases, appellant claims his trial counsel
rendered ineffective assistance by failing to object to the lack of these
evaluations in his PSI.  Appellant contends trial counsel should have been
alerted to the need for alcohol, drug, and mental health evaluations because he
was on felony DWI probation, and his wife testified that he had been attending
Alcoholics Anonymous meetings while on probation.  Appellant claims that A[a]lcohol, drugs,
and mental impairment are frequent explanations for criminal wrongdoing.@  Appellant also
asserts, without reference to any evidence, that mental impairment was Astrongly suggested
by his alcohol abuse and attempted self-medication@ and any
impairment Acould have explained how the polite, well-motivated
young man friends and family described could be involved in such violent crime.@








Appellant acknowledges the record is silent as to any
reasons why his trial counsel chose not to request these evaluations, but
argues that no reasonable trial strategy justifies trial counsel=s waiver of the
right to include alcohol, drug, and mental health evaluations.  Appellant urges
that this is an unusual case in which the record on direct appeal is sufficient
to overcome the presumption that trial counsel was competent.  However, we
disagree.

Although appellant was on probation for felony DWI, the
record contains no evidence that substance abuse contributed to appellant=s commission of
the charged offenses.  Moreover, the PSI report contradicts this contention. 
In the PSI report, appellant explained that the reason he participated in the
crimes was that a co-defendant threatened to harm his family if he did not. 
Appellant also denied using alcohol since being placed on community supervision
for DWI.  He further denied any experimentation with illegal drugs, except for
using cocaine one time at age twenty (approximately four years before the
offenses).  Similarly, the record contains no evidence that raises an issue of
mental impairment.  Because the record does not show that the trial court was
required to request alcohol, drug, or mental health evaluations, appellant=s counsel had no
reason to object to their omission.  Therefore, this record is insufficient to
overcome the strong presumption that trial counsel=s conduct was
reasonable.  See Abdulkarim v. State, Nos. 05-01233-CR, 05‑04‑01234‑CR,
05‑04‑01235‑CR, 2005 WL 2184852, *2 (Tex. App.CDallas Sept. 12,
2005, no pet.) (holding trial counsel did not render ineffective assistance
when record was silent as to trial counsel=s strategy and
contained no evidence raising any issues necessitating a psychological,
alcohol, or drug evaluation). 

We overrule appellant=s first and second
issues. 

III.      Issue
Three:  Was Trial Counsel Ineffective for Failing to Request that She be
Allowed to Review the Victim Impact Statements of the State=s Witnesses for Use
at Trial?








In this issue, appellant contends his trial counsel
rendered ineffective assistance of counsel by allegedly failing to ask the
trial court to allow her to review the victim impact statements of Margarita
Valle, Rosa Trejo, and Sayyed Ali for purposes of impeaching them, citing Texas
Code of Criminal Procedure articles 56.03(g) (victim impact statement
discoverable under article 39.14 before victim testifies only if it contains
exculpatory material), and 56.03(e) (when court considers victim impact
statement, before sentencing the defendant it shall permit the defendant or his
counsel a reasonable time to read the statement and, with the court=s approval, the
defendant or his counsel may introduce testimony or other information alleging
a factual inaccuracy in the statement).  Again, appellant contends there is no
reasonable trial strategy for this alleged omission.  

However, the record shows that appellant=s counsel did
review the PSI report containing the complained-of victim impact statements,
and she noted her objections to the PSI report at the start of the hearing.  

We therefore overrule appellant=s third issue.

IV.      Issue Four: 
Was Trial Counsel Ineffective for Failing to Object to Extraneous Victim Impact
Testimony?

In his last issue, appellant contends that, during the
punishment phase of his hearing, his trial counsel was ineffective because she
failed to object to victim impact testimony elicited during the State=s questioning of
Edwin Calderon and his mother, Griselda Calderon, about the extraneous
offense.  Specifically, he complains that his trial counsel failed to object
Edwin Calderon=s testimony that (1) after the offense, he was scared
for his family and afraid it would happen again, (2) his family had moved, and
(3) his mother had a miscarriage a week or so later.  Appellant further complains
that trial counsel should have objected to Griselda Calderon=s testimony that
she had miscarried and believed it was due to the stress of the situation.  








Generally, victim-impact testimony regarding extraneous
crimes is inadmissible.  Cantu v. State, 939 S.W.2d 627, 637 (Tex. Crim.
App. 1997) (stating that A[t]he danger of unfair prejudice to a
defendant inherent in the introduction of >victim impact= evidence with
respect to a victim not named in the indictment on which he is being tried is
unacceptably high@).  Victim‑impact testimony can run
a risk of extreme prejudice and can lead to an unfair punishment hearing.  Lindsay
v. State, 102 S.W.3d 223, 228 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  Appellant contends there is no
reasonable trial strategy that would justify trial counsel=s failure to
object to otherwise inadmissible evidence.

In Tong v. State, 25 S.W.3d 707 (Tex. Crim. App.
2000), the Court of Criminal Appeals considered a similar claim of ineffective
assistance of counsel for failing to object to victim impact testimony
concerning an unadjudicated home invasion/aggravated robbery.  Id. at
713.  As in the present case, the record was silent as to why the defendant=s counsel failed
to object.  Id. at 714.  Although the Court recognized that the
extraneous victim impact testimony was Aarguably
objectionable,@ it held that the silent record was insufficient to
overcome the presumption that counsel=s actions were
part of a strategic plan.  Id. at 713B14.  Following Tong,
we hold that the record in this case is insufficient to overcome the
presumption that trial counsel=s conduct fell within the wide range of
reasonable professional assistance.  See id. at 714; Thompson, 9
S.W.3d at 814.

We overrule appellant=s fourth issue.

Conclusion

We overrule appellant=s issues and
affirm the trial court=s judgments.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Memorandum Opinion filed December 14, 2006.

Panel consists of
Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  In relevant part, article 42.12, section 9(h)
provides:

 

On a determination by the judge that alcohol or drug
abuse may have contributed to the commission of the offense, . . . the judge
shall direct a supervision officer approved by the community supervision and
corrections department or the judge or a person, program, or other agency
approved by the Texas Commission on Alcohol and Drug Abuse, to conduct an
evaluation to determine the appropriateness of, and a course of conduct
necessary for, alcohol or drug rehabilitation for a defendant and to report
that evaluation to the judge. 

 

Tex. Code Crim. Proc. art. 42.12, '
9(h).





[2]  Article 42.12, section 9(i) provides as follows:

 

A presentence investigation conducted on any defendant
convicted of a felony offense who appears to the judge through its own
observation or on suggestion of a party to have a mental impairment shall
include a psychological evaluation which determines, at a minimum, the
defendant's IQ and adaptive behavior score. The results of the evaluation shall
be included in the report to the judge as required by Subsection (a) of this section.


 

Tex. Code Crim. Proc. art. 42.12, '
9(i).