Kyle SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00054–CR.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 26, 2002.

Decided Oct. 25, 2002.

Ebb B. Mobley, Attorney At Law, Longview, for appellee.

William M. Jennings, Gregg County District Attorney, Longview, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Kyle Smith has filed a notice of appeal from the revocation of his community supervision. The underlying conviction was for possession of a controlled substance, less than one gram of cocaine. At the

revocation proceeding, he pled true to allegations he had used cocaine while on community supervision. The trial court assessed punishment at eighteen months in a state jail facility.

■ We first address the State's contention by written motion that we have no jurisdiction over the appeal. Our appellate jurisdiction has been invoked by the appellant's timely notice of appeal, *State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000), at least to the extent that we must determine if we have jurisdiction over the merits of the appeal. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App.1996). We provided an opportunity for defense counsel to respond to the State's motion, but no response has been filed. We therefore address the issue on the record before this Court.

Smith pled true to the revocation allegations on February 28, 2002. On that same date, he also signed a written waiver of right to appeal, which was signed and approved by both the trial court and Smith's counsel.[1] The record does not reflect the time at which Smith signed this waiver.

■ A defendant in a noncapital case may waive any right secured him by law. *Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim.App.2000) (citing TEX.CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon Supp. 2002)). When a defendant has bargained for a sentencing recommendation from the prosecution in exchange for his waiver of the right to appeal, there is no compelling reason why he should not be held to his bargain. *Id.* at 220. In the absence of a plea agreement, however, a presentencing

---

1. The written waiver itself indicates on its face it was signed knowingly and voluntarily by Smith after he had consulted with counsel, and it is signed by counsel, Smith, the trial court, and a deputy district clerk. The document indicates Smith knowingly and intelli-

gently waived his right to appeal, and he has not raised any contention or argument before this Court that his waiver of that right was coerced or involuntary, or that it should be disregarded for any other reason.

waiver of the right to appeal is unenforceable. *Ex parte Thomas*, 545 S.W.2d 469 (Tex.Crim.App.1977). In this case, no plea agreement existed.

This matter is complicated by the fact the record is silent regarding whether the waiver of appeal was signed before sentencing. The waiver document was never mentioned at the hearing; Smith was not questioned about the waiver at the hearing; and when the State explained the reasons why it was recommending six months less than the maximum sentence, the reasons given did not include his written waiver of the right to file a motion for new trial or to appeal. Further, when asked by the trial court whether he wanted to appeal, he responded by stating he did, and the court promptly (and properly) appointed counsel for the appeal.

We have scrutinized the reporter's record carefully, and there is no reference to the waiver. The State has provided this Court with no support for its position that the waiver is valid and enforceable, and there is none in the record. This record does suggest that none of the parties was even aware of the existence of the waiver, because none made any comment about the "waiver" when Smith stated at the end of the proceeding he wished to appeal. Further, the State has neither argued that the waiver was signed post-sentencing, nor provided this Court with anything to suggest the waiver was signed after sentencing.

We conclude this record does not show the waiver was taken in a fashion that justifies enforcement under either the cases addressing post-sentencing waiver or the cases addressing waiver pursuant to a plea agreement. Neither is shown to exist in this case. In the absence of a plea

agreement, and in the absence of anything in the record showing the waiver was signed after sentencing, we are not willing to extend the reasoning of *Blanco* to this situation.[2] The motion to dismiss is overruled.

We now turn to a review of Smith's appeal on its merits.

■■■ We first address Smith's contention the trial court erred by failing to order preparation of a presentence investigation (PSI) report. As we held in *Buchanan v. State*, 68 S.W.3d 136, 139 (Tex. App.-Texarkana 2001, no pet.), the general rule is the trial court must order a PSI report unless the exceptions in Section 9(g) of the Texas Code of Criminal Procedure apply. Even then, if the defendant requests a PSI report, the trial court must order one prepared. *Whitelaw v. State*, 29 S.W.3d 129, 132 (Tex.Crim.App.2000). In *Whitelaw*, the Texas Court of Criminal Appeals unanimously held that the trial court must order preparation of a PSI report in a felony case when the defendant requests one. In so holding, the court disapproved of cases holding the trial court has discretion in such cases to order preparation of a PSI report. *Id.* at 134; *see* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9 (Vernon Supp.2002).

■■ However, the error in failing to order a PSI report is waived if the defendant fails to object to the failure or to bring the failure to the trial court's attention. *Buchanan*, 68 S.W.3d at 139; *see Summers v. State*, 942 S.W.2d 695 (Tex. App.-Houston [14th Dist.] 1997, no pet.); *Wright v. State*, 873 S.W.2d 77 (Tex.App.-Dallas 1994, pet. ref'd). Here, as in *Buchanan*, counsel did not object to the trial

---

2.  *Dorsey v. State*, 84 S.W.3d 8 (Tex.App.-Texarkana 2002, no pet.); *Clayburn v. State*, 985 S.W.2d 624, 625 (Tex.App.-Waco 1999, no

pet.); *see Perez v. State*, 989 S.W.2d 427, 428 (Tex.App.-Dallas 1999, no pet.).

court's failure to order a PSI report or to bring it to the trial court's attention either at the hearing or in his motion for new trial. This contention of error was not preserved for appellate review.

Smith also contends on appeal that, after revocation of his community supervision, the trial court erred by sentencing him without a substance abuse evaluation.

A substance abuse evaluation is required by TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(h)(2). The statute provides that, when a judge determines "that alcohol or drug abuse may have contributed to the commission of the offense, ... the judge shall direct a supervision officer ... to conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for, alcohol or drug rehabilitation for a defendant...." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(h).

This is obviously a drug-related crime, and the revocation was based on Smith's plea of true to the use of cocaine while on community supervision. Even though the statute is mandatory in its language, the right may be waived by a failure to object. TEX.R.APP. P. 33.1; see Marin v. State, 851 S.W.2d 275, 279 (Tex.Crim.App.1993).

Counsel did not complain at trial about the failure to conduct an evaluation. Accordingly, the complaint has not been preserved for appellate review.

We affirm the judgment.