NO. 07-03-0532-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 14, 2004


______________________________



FIRST PERMIAN, L.L.C. and ENERGEN RESOURCES CO., 



 Appellants


v.



JAMES P. GRAHAM, 


 

 Appellee 

_________________________________



FROM THE 286TH DISTRICT COURT OF COCHRAN COUNTY;



NO. 02-12-3789; HON. HAROLD PHELAN, PRESIDING


_______________________________



ORDER


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Pending before the court is the application of First Permian, L.L.C. and Energen
Resources Company for interlocutory appeal under §51.014(d) of the Texas Civil Practice
and Remedies Code. Having reviewed the application, the clerk's record and the pertinent
statutory provisions, we deny the application.


 Per Curiam



 hearing in appellant's case. As
part of a written plea bargain agreement for a probated sentence or deferred adjudication,
appellant signed an evidentiary stipulation judicially admitting the offense of evading
detention in a vehicle, enhanced by prior violations and entered a guilty plea in open court. 
 Based upon the plea and the stipulation, the court concluded the evidence was sufficient
to establish guilt but refrained from finding appellant guilty, pending sentencing. 
Sentencing was postponed for an unspecified period.

 One page of the agreement was a pre-printed checklist that in part provided:

 If the court grants deferred adjudication, the State does not recommend
any term of years as part of the plea agreement. All parties agree that
if deferred adjudication is subsequently revoked, Defendant may be
sentenced to any term of years within the range of punishment
provided by law for this offense.


(highlighting in original). This page further recited that the parties agreed upon punishment
of "5 years" with the State recommending community supervision. 

 A typewritten addendum more specifically expressed the parties' bargain. Here, the
State recommended five years confinement, probated for eight years. Significant to the
present discussion, it included language conditioning disposition in the case upon
appellant's promise to testify against other parties in other prosecutions. The agreement
left determination of appellant's performance of this obligation exclusively to the State's
discretion (the State is "the sole arbiter of [appellant's] good faith in the fulfillment of this
agreement"). The agreement further provided that should the State find appellant's
performance insufficient, and so notify the trial court, then "the agreement as to disposition
in this case will be voided and withdrawn," and "the said Jaime Trevino will be subject to
the full range of punishment for the offense of Evading Detention with a Vehicle-Enhanced." The parties also requested the court defer sentencing until appellant had an
opportunity to perform. 

 Some 32 months later, on May 27, 2007, the trial court convened a hearing,
apparently precipitated by appellant's conduct following the September 29, 2004, hearing. 
Specifically, on an unspecified date, in another criminal proceeding, the court found
appellant guilty of aggravated robbery and sentenced him to twenty years' confinement. 
At the May 27, 2007, hearing the State argued this fact, and other crimes appellant
allegedly committed subsequent to September 29, 2004, rendered him an unsatisfactory
witness for the testimonial role contemplated by the parties' plea agreement. 

 In remarks at the hearing, the trial court agreed that appellant violated the plea
agreement, and expressed the conclusion it would not follow the agreement's terms. The
court found appellant guilty of the evading arrest with a motor vehicle enhanced charge,
and imposed a sentence including ten years' confinement. 

 From the record before us, it is not clear whether the court declared the plea
agreement void, chose not to follow its terms, or concluded the agreement, on breach by
appellant, empowered its disposition of a more onerous sentence than recommended. 
When defense counsel inquired of the court's intention to follow or reject the agreement,
the judge referenced language at page two, paragraph two, of the agreement (1) and
responded, "I'm still within the parameters of the plea bargain" in sentencing appellant to
ten years' confinement. 

 The court ended the hearing with admonitions to appellant that he had:

 30 days to file notice of appeal, motion for new trial. Permission to appeal. 
I suppose the interpretation of the plea agreement could be under review by
the Fourth Court if that was appealed. That would be up to them. I'm not
sure how we would-I don't know if it's a pretrial motion or it's just
something-you can discuss that with your client . . . .


However, the court then certified appellant had no right of appeal because the case was
a plea-bargained case. 

 This Court noted the certificate of appeal and invited the parties to respond before
considering its jurisdiction. Appellant responded with a request for abatement and remand
for findings of fact and conclusions of law concerning appellant's appellate right. On our
request for a response, the State responded that it does not oppose abatement for findings
of fact and conclusions of law as requested by appellant.

 A trial court is required to enter a certification of a defendant's right of appeal in
every case that it enters a judgment of guilt or other appealable order. See Tex. R. App.
P. 25.2(a)(2). Rule 25.2(a)(2) limits an appellate court's jurisdiction over appeals from
plea-bargained convictions. However, these limitations do not apply to convictions from
open pleas of guilty. See Dears, 154 S.W.3d at 613. 

 A defendant in a noncapital case may waive any rights secured him by law. See
Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp. 2004). However, in the absence
of a plea agreement regarding sentencing, a pre-sentence waiver of the right to appeal is
unenforceable. See Smith v. State, 91 S.W.3d 407, 408-09 (Tex.App.-Texarkana 2002,
no pet.) (citing Ex parte Thomas, 545 S.W.2d 469, 470 (Tex.Crim.App. 1977)).

 Since the appellate record has been filed, we are obligated to review the record to
determine whether the trial court's certification of appellant's right of appeal is defective
and, if so, to obtain another certification from the trial court. See Dears, 154 S.W.3d at
614-15; Tex. R. App. P. 34.5(c); 37.1. A defective certification includes a certification that
is correct in form, but, when compared with the record before the court, proves to be
inaccurate. Dears, 154 S.W.3d at 614.

 Because of the ambiguity of the record and certification, we cannot determine
whether the trial court's certification of appellant's right to appeal is accurate, and thus
cannot determine our jurisdiction over the appeal. Accordingly, we abate and remand this
case to the trial court for re-certification of appellant's right of appeal. See Tex. R. App. P.
34.5(c), 44.3, 44.4; Dears, 154 S.W.3d at 614.

 On remand, the trial court shall immediately issue notice of a hearing and
accordingly conduct a hearing addressing the following issues: 

 1. Whether the court did or did not follow the plea agreement in sentencing
appellant.


 2. Whether the court determined the plea agreement as to disposition 
"voided and withdrawn" before sentencing appellant. 


 3. Whether appellant has the trial court's permission to appeal.


 4. Whether appellant waived his right to appeal subsequent to sentencing. 


 5. Any other facts upon which the court relied in certifying the case non- 
appealable.


 6. The facts upon which the court relies in re-certifying the case, as directed
below.


 The trial court shall cause this hearing to be transcribed. It shall make findings of
fact and conclusions of law, and issue any orders necessary for resolution of the listed
issues. 

 We further direct that, after conducting the hearing, the trial court re-certify whether
appellant has the right of appeal. The trial court's findings of fact and conclusions of law,
the re-certification, and any orders it enters shall be included in a supplemental clerk's
record. The transcript of the hearing shall be included in a supplemental reporter's record.
The trial court is directed to cause the supplemental clerk's and reporter's records to be
filed with the Clerk of this Court on or before Friday, November 9, 2007. Should the trial
court require more time to comply with the directions of this Court, it shall request an
extension prior to November 9, 2007.

 It is so ordered.


 Per Curiam 


Do not publish.
1. Page two, paragraph two of the typewritten addendum of the agreement provides
in its entirety:


 Should Jaime Trevino fail to fulfill his obligations under this Agreement, as
determined by the State, the State will inform the Court of such failure, the
agreement as to disposition in this case will be voided and withdrawn, and
the said Jaime Trevino will be subject to the full range of punishment for the
offense of Evading Detention with a Vehicle-Enhanced. Additionally, should
Jaime Trevino fail to appear to testify when requested by the State or fail to
appear for sentencing in this cause, the agreement as to disposition in this
case will be voided and withdrawn, and the said Jaime Trevino will be subject
to the full range of punishment for the offense of Evading Detention with a
Vehicle-Enhanced.