NO. 07-03-0479-CR



IN THE COURT OF APPEALS
 


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 5, 2004


______________________________



ARTHUR GOODSON
, APPELLANT
 


v.



THE STATE OF TEXAS, APPELLEE 




 _________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-429492; HON. BRADLEY UNDERWOOD, JUDGE


_______________________________


 


Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Arthur Goodson attempts to appeal a judgment revoking probation granted after his
conviction for delivery of a controlled substance. His notice of appeal was filed in the trial
court November 7, 2003. A copy of the judgment attached to the notice of appeal and his
docketing statement indicates sentence was imposed November 29, 2000. 

 Our appellate jurisdiction is triggered through a timely notice of appeal. Olivo v.
State, 918 S.W.2d 519, 522 (Tex.Crim.App.1996). Rule of Appellate Procedure 26.2(a)
requires a notice of appeal be filed within 30 days after the day sentence is imposed, or
within 90 days after imposition of the sentence if a timely motion for new trial is filed. In
either event, appellant's notice of appeal was untimely.

 The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus
from the Texas Court of Criminal Appeals pursuant to Code of Criminal Procedure Article
11.07 (Vernon Supp. 2004). Portley v. State, 89 S.W.3d 188, 190 (Tex.App.--Texarkana
2002, no pet.). Because appellant's notice of appeal was untimely, this court has no
jurisdiction to take any action but to dismiss the appeal. Slaton v. State, 981 S.W.2d 208,
210 (Tex.Crim.App. 1998); see Olivo, 918 S.W.2d at 522. 

 Consequently, we dismiss the appeal for want of jurisdiction.

 

 James T. Campbell

 Justice



Do not publish. 



c. Ann. art. 1.14(a) (Vernon Supp. 2004). However, in the absence
of a plea agreement regarding sentencing, a pre-sentence waiver of the right to appeal is
unenforceable. See Smith v. State, 91 S.W.3d 407, 408-09 (Tex.App.-Texarkana 2002,
no pet.) (citing Ex parte Thomas, 545 S.W.2d 469, 470 (Tex.Crim.App. 1977)).

 This court has the authority to review the record in a criminal case to determine
whether the trial court's certification of a defendant's right of appeal is defective and, if so,
to use Rules 37.1 and 34.5(c) to obtain another certification from the trial court. See 
Dears, 154 S.W.3d at 614. A defective certification includes a certification that is correct
in form, but, when compared with the record before the court, proves to be inaccurate. Id.

 In the present cases, the records include the docketing statements of the trial court
which reflect that appellant entered open pleas of guilty in both cases. Additionally, both
records include a Felony Plea Memorandum which indicate that these were not plea
bargain cases. However, the judgments both indicate that the "term of plea agreement"
was 18 months in a State Jail Facility, which is the sentence imposed by the court. 
Further, while the Felony Plea Memorandum in each case are signed by appellant and
include standard waivers of appeal, the markings on the Memorandum appear to indicate
that the waivers were not to apply. Also, in both cases, the record includes a Defendant's
Waiver of Appeal after Sentence or Punishment has been Imposed in Accordance with
Plea Bargain Agreement and Waiver of Appeal Pursuant to Plea Bargain Agreement with
the State, but neither of these documents have been signed by appellant. As we are
unclear whether the trial court's certifications of defendant's right to appeal are accurate,
we will abate and remand these causes to the trial court for re-certification of appellant's
right of appeal. See Rules 34.5(c), 44.3, 44.4; Dears, 154 S.W.3d at 614.

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. Whether the above referenced cases were plea bargain cases in
which the punishments did not exceed the punishments
recommended by the prosecutor and agreed to by the defendant. 
See Rule 25.2(a).

 2. Whether appellant waived his right to appeal in either or both cases.


The trial court shall cause this hearing to be transcribed. The trial court may make findings
of fact, conclusions of law and such orders as are necessary to resolution of the
aforementioned issues. We further direct that, after the above-referenced hearing is held,
the trial court re-certify whether appellant has the right of appeal. The trial court's
certifications and any orders entered by the trial court shall be included in supplemental
clerk's records. The transcript of the hearings shall be included in supplemental reporter's
records. The trial court is directed to cause the supplemental clerk's and reporter's records
to be filed with the Clerk of this Court on or before Monday, September 26, 2005. Should
the trial court require more time to comply with the directions of this court, it must request
an extension prior to September 26, 2005.

 Accordingly, these appeals are abated and the causes are remanded for further
proceedings.


 Per Curiam


Do not publish. 




1. Further reference to Texas Rules of Appellate Procedure will be by reference to
"Rule __."