NO. 07-05-0217-CR


 07-05-0218-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 25, 2005



______________________________




GARY DON FREEMAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 16,960-B, 17,019-B; HONORABLE JOHN BOARD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant Gary Don Freeman appeals his convictions for unauthorized use of a
motor vehicle. We abate and remand. 

 Certifications of the defendant's right to appeal were included in the clerk's records
for each of these cause numbers. See Tex. R. App. P. 25.2(d). (1) However, the trial court's
certification relating to cause number 07-05-0218-CR is incomplete. Although this
certification indicates that appellant has no right of appeal and that he waived his right of
appeal, the certification is not signed by the trial court. The certification relating to cause
number 07-05-0217-CR is signed by the trial court and indicates that appellant has no right
of appeal and that he waived his right of appeal.

 A trial court is required to enter a certification of a defendant's right of appeal in
every case in which it enters a judgment of guilt or other appealable order. See Rule
25.2(a)(2). Rule 25.2(a)(2) limits our jurisdiction over appeals from plea-bargained
convictions. However, these limitations do not apply to convictions from open pleas of
guilty. See Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005).

 A defendant in a noncapital case may waive any rights secured him by law. See
Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp. 2004). However, in the absence
of a plea agreement regarding sentencing, a pre-sentence waiver of the right to appeal is
unenforceable. See Smith v. State, 91 S.W.3d 407, 408-09 (Tex.App.-Texarkana 2002,
no pet.) (citing Ex parte Thomas, 545 S.W.2d 469, 470 (Tex.Crim.App. 1977)).

 This court has the authority to review the record in a criminal case to determine
whether the trial court's certification of a defendant's right of appeal is defective and, if so,
to use Rules 37.1 and 34.5(c) to obtain another certification from the trial court. See 
Dears, 154 S.W.3d at 614. A defective certification includes a certification that is correct
in form, but, when compared with the record before the court, proves to be inaccurate. Id.

 In the present cases, the records include the docketing statements of the trial court
which reflect that appellant entered open pleas of guilty in both cases. Additionally, both
records include a Felony Plea Memorandum which indicate that these were not plea
bargain cases. However, the judgments both indicate that the "term of plea agreement"
was 18 months in a State Jail Facility, which is the sentence imposed by the court. 
Further, while the Felony Plea Memorandum in each case are signed by appellant and
include standard waivers of appeal, the markings on the Memorandum appear to indicate
that the waivers were not to apply. Also, in both cases, the record includes a Defendant's
Waiver of Appeal after Sentence or Punishment has been Imposed in Accordance with
Plea Bargain Agreement and Waiver of Appeal Pursuant to Plea Bargain Agreement with
the State, but neither of these documents have been signed by appellant. As we are
unclear whether the trial court's certifications of defendant's right to appeal are accurate,
we will abate and remand these causes to the trial court for re-certification of appellant's
right of appeal. See Rules 34.5(c), 44.3, 44.4; Dears, 154 S.W.3d at 614.

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. Whether the above referenced cases were plea bargain cases in
which the punishments did not exceed the punishments
recommended by the prosecutor and agreed to by the defendant. 
See Rule 25.2(a).

 2. Whether appellant waived his right to appeal in either or both cases.


The trial court shall cause this hearing to be transcribed. The trial court may make findings
of fact, conclusions of law and such orders as are necessary to resolution of the
aforementioned issues. We further direct that, after the above-referenced hearing is held,
the trial court re-certify whether appellant has the right of appeal. The trial court's
certifications and any orders entered by the trial court shall be included in supplemental
clerk's records. The transcript of the hearings shall be included in supplemental reporter's
records. The trial court is directed to cause the supplemental clerk's and reporter's records
to be filed with the Clerk of this Court on or before Monday, September 26, 2005. Should
the trial court require more time to comply with the directions of this court, it must request
an extension prior to September 26, 2005.

 Accordingly, these appeals are abated and the causes are remanded for further
proceedings.


 Per Curiam


Do not publish. 




1. Further reference to Texas Rules of Appellate Procedure will be by reference to
"Rule __."


by appointed counsel
could not have prejudiced his defense. Since this finding is dispositive of appellant's
ineffective assistance claim, we find it unnecessary to determine whether counsel's actions
actually fell below an objective standard of reasonableness. Appellant's sole issue is
overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.