NO. 07-05-0217-CR
07-05-0218-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 25, 2005

_____


GARY DON FREEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,960-B, 17,019-B; HONORABLE JOHN BOARD, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Gary Don Freeman appeals his convictions for unauthorized use of a motor vehicle.   We abate and remand.

Certifications of the defendant's right to appeal were included in the clerk's records for each of these cause numbers. See TEX. R. APP. P. 25.2(d).[1] However, the trial court's certification relating to cause number 07-05-0218-CR is incomplete. Although this certification indicates that appellant has no right of appeal and that he waived his right of appeal, the certification is not signed by the trial court. The certification relating to cause number 07-05-0217-CR is signed by the trial court and indicates that appellant has no right of appeal and that he waived his right of appeal.

A trial court is required to enter a certification of a defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. See Rule 25.2(a)(2). Rule 25.2(a)(2) limits our jurisdiction over appeals from plea-bargained convictions. However, these limitations do not apply to convictions from open pleas of guilty. See Dears v. State, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005).

A defendant in a noncapital case may waive any rights secured him by law. See TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon Supp. 2004). However, in the absence of a plea agreement regarding sentencing, a pre-sentence waiver of the right to appeal is unenforceable. See Smith v. State, 91 S.W.3d 407, 408-09 (Tex.App.–Texarkana 2002, no pet.) (citing Ex parte Thomas, 545 S.W.2d 469, 470 (Tex.Crim.App. 1977)).

This court has the authority to review the record in a criminal case to determine whether the trial court's certification of a defendant's right of appeal is defective and, if so,

---

[1]Further reference to Texas Rules of Appellate Procedure will be by reference to "Rule __."

2

to use Rules 37.1 and 34.5(c) to obtain another certification from the trial court. See Dears, 154 S.W.3d at 614. A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. Id.

In the present cases, the records include the docketing statements of the trial court which reflect that appellant entered open pleas of guilty in both cases. Additionally, both records include a Felony Plea Memorandum which indicate that these were not plea bargain cases. However, the judgments both indicate that the "term of plea agreement" was 18 months in a State Jail Facility, which is the sentence imposed by the court. Further, while the Felony Plea Memorandum in each case are signed by appellant and include standard waivers of appeal, the markings on the Memorandum appear to indicate that the waivers were not to apply. Also, in both cases, the record includes a Defendant's Waiver of Appeal after Sentence or Punishment has been Imposed in Accordance with Plea Bargain Agreement and Waiver of Appeal Pursuant to Plea Bargain Agreement with the State, but neither of these documents have been signed by appellant. As we are unclear whether the trial court's certifications of defendant's right to appeal are accurate, we will abate and remand these causes to the trial court for re-certification of appellant's right of appeal. See Rules 34.5(c), 44.3, 44.4; Dears, 154 S.W.3d at 614.

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  Whether the above referenced cases were plea bargain cases in which the punishments did not exceed the punishments recommended by the prosecutor and agreed to by the defendant. See Rule 25.2(a).

3

2.	Whether appellant waived his right to appeal in either or both cases.

The trial court shall cause this hearing to be transcribed.  The trial court may make findings of fact, conclusions of law and such orders as are necessary to resolution of the aforementioned issues.  We further direct that, after the above-referenced hearing is held, the trial court re-certify whether appellant has the right of appeal.  The trial court's certifications and any orders entered by the trial court shall be included in supplemental clerk's records.  The transcript of the hearings shall be included in supplemental reporter's records.  The trial court is directed to cause the supplemental clerk's and reporter's records to be filed with the Clerk of this Court on or before Monday, September 26, 2005.  Should the trial court require more time to comply with the directions of this court, it must request an extension prior to September 26, 2005.

Accordingly, these appeals are abated and the causes are remanded for further proceedings.


Per Curiam

Do not publish.