NO. 07-07-0266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 27, 2007
_____

JAIME TREVINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 379TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2004CR6365; HONORABLE BERT RICHARDSON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant Jaime Trevino, appeals his conviction for evading detention in a vehicle, enhanced. After examining the record and the trial court's certification of appellant's right to appeal, we abate the appeal and remand the case for further proceedings. *See* Tex. R. App. P. 25.2(a)(2); 37.1; 34.5(c)(2); *Dears v. State,* 154 S.W.3d 610, 614-15 (Tex.Crim.App. 2005).

On September 29, 2004, the trial court convened a hearing in appellant's case. As part of a written plea bargain agreement for a probated sentence or deferred adjudication,

appellant signed an evidentiary stipulation judicially admitting the offense of evading detention in a vehicle, enhanced by prior violations and entered a guilty plea in open court. Based upon the plea and the stipulation, the court concluded the evidence was sufficient to establish guilt but refrained from finding appellant guilty, pending sentencing. Sentencing was postponed for an unspecified period.

One page of the agreement was a pre-printed checklist that in part provided:

**If the court grants deferred adjudication, the State does not recommend any term of years as part of the plea agreement. All parties agree that if deferred adjudication is subsequently revoked, Defendant may be sentenced to any term of years within the range of punishment provided by law for this offense.**

(highlighting in original). This page further recited that the parties agreed upon punishment of "5 years" with the State recommending community supervision.

A typewritten addendum more specifically expressed the parties' bargain. Here, the State recommended five years confinement, probated for eight years. Significant to the present discussion, it included language conditioning disposition in the case upon appellant's promise to testify against other parties in other prosecutions. The agreement left determination of appellant's performance of this obligation exclusively to the State's discretion (the State is "the sole arbiter of [appellant's] good faith in the fulfillment of this agreement"). The agreement further provided that should the State find appellant's performance insufficient, and so notify the trial court, then "the agreement as to disposition in this case will be voided and withdrawn," and "the said Jaime Trevino will be subject to

2

the full range of punishment for the offense of Evading Detention with a Vehicle-Enhanced." The parties also requested the court defer sentencing until appellant had an opportunity to perform.

Some 32 months later, on May 27, 2007, the trial court convened a hearing, apparently precipitated by appellant's conduct following the September 29, 2004, hearing. Specifically, on an unspecified date, in another criminal proceeding, the court found appellant guilty of aggravated robbery and sentenced him to twenty years' confinement. At the May 27, 2007, hearing the State argued this fact, and other crimes appellant allegedly committed subsequent to September 29, 2004, rendered him an unsatisfactory witness for the testimonial role contemplated by the parties' plea agreement.

In remarks at the hearing, the trial court agreed that appellant violated the plea agreement, and expressed the conclusion it would not follow the agreement's terms. The court found appellant guilty of the evading arrest with a motor vehicle enhanced charge, and imposed a sentence including ten years' confinement.

From the record before us, it is not clear whether the court declared the plea agreement void, chose not to follow its terms, or concluded the agreement, on breach by appellant, empowered its disposition of a more onerous sentence than recommended. When defense counsel inquired of the court's intention to follow or reject the agreement, the judge referenced language at page two, paragraph two, of the agreement[1] and

---

[1] Page two, paragraph two of the typewritten addendum of the agreement provides in its entirety:

3

responded, "I'm still within the parameters of the plea bargain" in sentencing appellant to ten years' confinement.

The court ended the hearing with admonitions to appellant that he had:

30 days to file notice of appeal, motion for new trial. Permission to appeal. I suppose the interpretation of the plea agreement could be under review by the Fourth Court if that was appealed. That would be up to them. I'm not sure how we would–I don't know if it's a pretrial motion or it's just something–you can discuss that with your client . . . .

However, the court then certified appellant had no right of appeal because the case was a plea-bargained case.

This Court noted the certificate of appeal and invited the parties to respond before considering its jurisdiction. Appellant responded with a request for abatement and remand for findings of fact and conclusions of law concerning appellant's appellate right. On our request for a response, the State responded that it does not oppose abatement for findings of fact and conclusions of law as requested by appellant.

---

Should Jaime Trevino fail to fulfill his obligations under this Agreement, as determined by the State, the State will inform the Court of such failure, the agreement as to disposition in this case will be voided and withdrawn, and the said Jaime Trevino will be subject to the full range of punishment for the offense of Evading Detention with a Vehicle-Enhanced. Additionally, should Jaime Trevino fail to appear to testify when requested by the State or fail to appear for sentencing in this cause, the agreement as to disposition in this case will be voided and withdrawn, and the said Jaime Trevino will be subject to the full range of punishment for the offense of Evading Detention with a Vehicle-Enhanced.

4

A trial court is required to enter a certification of a defendant's right of appeal in every case that it enters a judgment of guilt or other appealable order. *See* Tex. R. App. P. 25.2(a)(2). Rule 25.2(a)(2) limits an appellate court's jurisdiction over appeals from plea-bargained convictions. However, these limitations do not apply to convictions from open pleas of guilty. *See Dears,* 154 S.W.3d at 613.

A defendant in a noncapital case may waive any rights secured him by law. *See* Tex. Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp. 2004). However, in the absence of a plea agreement regarding sentencing, a pre-sentence waiver of the right to appeal is unenforceable. *See Smith v. State,* 91 S.W.3d 407, 408-09 (Tex.App.–Texarkana 2002, no pet.) (*citing Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex.Crim.App. 1977)).

Since the appellate record has been filed, we are obligated to review the record to determine whether the trial court's certification of appellant's right of appeal is defective and, if so, to obtain another certification from the trial court. *See Dears,* 154 S.W.3d at 614-15; Tex. R. App. P. 34.5(c); 37.1. A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. *Dears*, 154 S.W.3d at 614.

Because of the ambiguity of the record and certification, we cannot determine whether the trial court's certification of appellant's right to appeal is accurate, and thus cannot determine our jurisdiction over the appeal. Accordingly, we abate and remand this case to the trial court for re-certification of appellant's right of appeal. *See* Tex. R. App. P. 34.5(c), 44.3, 44.4; *Dears,* 154 S.W.3d at 614.

On remand, the trial court shall immediately issue notice of a hearing and accordingly conduct a hearing addressing the following issues:

1.  Whether the court did or did not follow the plea agreement in sentencing appellant.

2.  Whether the court determined the plea agreement as to disposition "voided and withdrawn" before sentencing appellant.

3.  Whether appellant has the trial court's permission to appeal.

4. Whether appellant waived his right to appeal subsequent to sentencing.

5. Any other facts upon which the court relied in certifying the case non-appealable.

6.  The facts upon which the court relies in re-certifying the case, as directed below.

The trial court shall cause this hearing to be transcribed.  It shall make findings of fact and conclusions of law, and issue any orders necessary for resolution of the listed issues.

We further direct that, after conducting the hearing, the trial court re-certify whether appellant has the right of appeal.  The trial court's findings of fact and conclusions of law, the re-certification, and any orders it enters shall be included in a supplemental clerk's record. The transcript of the hearing shall be included in a supplemental reporter's record. The trial court is directed to cause the supplemental clerk's and reporter's records to be filed with the Clerk of this Court on or before Friday, November 9, 2007.  Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to November 9, 2007.

6

It is so ordered.

Per Curiam

Do not publish.