

**NUMBER 13-07-740-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**PABLO BAUTISTA ARREDONDO, JR.,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

On appeal from the 206th District Court of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Pablo Bautista Arredondo, Jr., appeals his convictions for felony driving while intoxicated, TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp. 2007), and possession of a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (Vernon 2003). After pleading guilty, Arredondo was sentenced to six years' confinement in the Institutional Division of the Texas Department of Criminal Justice for the felony DWI, and

two years' confinement in the state jail division of the Texas Department of Criminal Justice for the drug possession, with the sentences to run concurrently. On appeal, Arredondo argues that the trial court erred by failing to order an alcohol and drug evaluation or, alternatively, by failing to consult the evaluation before sentencing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(h) (Vernon 2006). Because Arredondo failed to object in the trial court, he has waived any error. Accordingly, we affirm.

## I. Background

On June 28, 2007, Arredondo was arrested for driving while intoxicated and possession of less than one gram of cocaine. He was indicted by a grand jury on August 16, 2007. The indictment alleged that prior to his arrest on June 28, Arredondo had been convicted of driving while intoxicated on three prior occasions.

On September 5, 2007, Arredondo appeared in court and pleaded guilty to the charges in the indictment and "true" to the indictment's enhancement paragraphs. The trial court inquired whether the defendant was requesting a pre-sentence investigation report ("PSI"), and defense counsel indicated that Arredondo was seeking placement in a Substance Abuse Felony Punishment Facility (SAFPF)[1]:

| | |
|---|---|
| The Court: | Were you requesting the PSI? |
| Defense Counsel: | Your Honor, if the court is so inclined, Your Honor. My client has admitted that he is guilty of these two charges, Your Honor, and—but he's seeking rehab, Your Honor. He feels that he has a drinking problem/drug problem and he would like, instead of just being sent to prison where they—from a practical standpoint, he says that they don't offer rehab there. So he was looking for maybe [SAFPF] so that he could |

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 14 (Vernon 2006); TEX. HEALTH & SAFETY CODE ANN. § 493.009 (Vernon 2004).

2

receive some serious treatment for his problems.

The trial court ordered a PSI report and reset the case for a sentencing hearing.

On October 17, 2007, Arredondo appeared for sentencing. Arredondo again indicated that he was seeking drug and alcohol treatment. The trial court inquired whether Arredondo had ever received treatment in connection with his prior alcohol-related offenses. Arredondo's counsel and the prosecutor informed the court that Arredondo had received shock probation and substance-abuse treatment three or four years earlier for his prior DWI offense. After treatment, his probation was revoked, and he served four years in prison.

The trial court inquired why Arredondo's probation had been revoked, and Arredondo's counsel informed the court that Arredondo "didn't make some of the meetings and . . . was unable to pay some of the fees." The trial court attempted to locate the order revoking Arredondo's prior probation, referring to a "sentencing report." The trial court recessed the hearing to confirm the reason for the prior revocation.

After a brief recess, the trial court again discussed with the attorneys whether Arredondo's probation had been revoked for failure to pay fees and failure to attend outpatient alcohol treatment meetings. Defense counsel again explained that Arredondo did not attend alcohol treatment meetings because he did not have transportation.

The trial court then specifically asked whether Arrendondo was "screened for SAPFP." The prosecutor stated that he was "screened" and confirmed that Arredondo was eligible for alcohol and drug treatment. The trial court then stated that, once the records from the prior convictions were available, it would confirm the reasons for Arredondo's prior revocation of probation and consider treatment as an option.

3

The trial court then gave Arredondo one last chance to confirm the reasons for the revocation of probation:

| | |
|---|---|
| The Court: | I suspect that if I pulled the old file, that there's going to be some things that you're not remembering as to why you ended up getting revoked on this. And it's not just simply because you had no transportation to go to A.A. and therefore I revoked you to prison. |
| The Defendant: | Yes, ma'am. |
| The Court: | I would venture to say that there's some other reason. But in an over abundance of caution, I'm going to have everyone request their files from storage, [sic] I'll look at it. And it will not be in your best interest if I find out what the other real reasons were that you were revoked, not the excuse of no transportation. |
| The Defendant: | Yes, ma'am. |
| The Court: | So unless you have an all of a sudden refreshed recollection of why you were revoked? |
| The Defendant: | Yes, ma'am. I didn't make the meetings, I didn't do the community service hours. I did put the machine in my mom's car, I didn't pay and I started drinking in June of 03 I believe it was. |
| The Court: | Okay. So you were drinking again? Correct? |
| The Defendant: | Yes, ma'am. |
| The Court: | Okay. You didn't say that before. You were talking about not being able to get to where you needed and transportation and your mom didn't want the device but you didn't say anything about that you had started drinking again. |
| The Defendant: | I—I told the probation officer, ma'am. |
| The Court: | Okay. |
| The Defendant: | And then he—I believe he put it in the report. |

4

At no time during the sentencing hearing did defense counsel object that the PSI report did not contain a drug and alcohol treatment evaluation, nor did he request that the evaluation be considered by the trial court prior to sentencing. The court assessed punishment at six years' confinement for the DWI offense and two years' confinement for the drug possession offense, to run concurrently.

The judgment recites that a pre-sentence investigation report was conducted under Texas Code of Criminal Procedure article 42.12, section 9. The actual report, however, does not appear in the record. The trial court certified Arredondo's right to appeal. This appeal ensued.

## II. Discussion

By a single issue, Arredondo complains that the trial court failed to order an alcohol and drug evaluation or, alternatively, failed to consult the evaluation before sentencing. The State counters that Arredondo waived his argument by failing to object to the contents of the report and to the trial court's failure to consider the report prior to sentencing. Alternatively, the State argues that a PSI report was prepared, and the record shows that the trial court considered the report, which adequately evaluated Arredondo's eligibility for treatment. Furthermore, the State argues that any error is harmless because, at the sentencing hearing, the trial court heard and considered sufficient evidence to make an informed decision regarding the sentence.

> Texas Code of Criminal Procedure article 42.12, section 9(h) provides:
> On a determination by the judge that alcohol or drug abuse may have contributed to the commission of the offense . . . . the judge shall direct a supervision officer approved by the community supervision and corrections department or the judge or a person, program, or other agency approved by the Texas Commission on Alcohol and Drug Abuse, to conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for,

5

alcohol or drug rehabilitation for a defendant and to report that evaluation to the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(h). The statute is mandatory, in that a trial court is required to order a drug and alcohol evaluation once it determines that alcohol or drugs contributed to the offense. *Overton v. State*, 815 S.W.2d 895, 898 (Tex. App.–Fort Worth 1991, no pet.). However, a defendant may waive any error regarding the preparation of the report by failing to call deficiencies in the report to the trial court's attention. *See Nguyen v. State*, 222 S.W.3d 537, 542 (Tex. App.–Houston [14th Dist.] 2007, pet. ref'd) (holding that party waives defects in PSI report by failing to point out deficiencies to the trial court); *Smith v. State*, 91 S.W.3d 407, 410 (Tex. App.–Texarkana 2002, no pet.).

Arredondo requested that the trial court direct preparation of a PSI report. Although the PSI report does not appear in the record, the trial court's judgment reflects that a PSI report was prepared and that the trial court considered it prior to sentencing. Arredondo argues on appeal that the record does not reflect that the report contained a drug and alcohol evaluation. However, Arredondo did not object at trial that the PSI report was deficient in this regard. Nor did he object that the trial court failed to consider the report prior to sentencing. Accordingly, his complaint is waived. *Nguyen*, 222 S.W.3d at 542; *Smith*, 91 S.W.3d at 410.[2]

---

[2] Moreover, Arredondo did not request that the clerk include the PSI report in the appellate record. *See* TEX. R. APP. P. 34.5(b). We note that although the report does not appear in the record, the punishment hearing transcript indicates that the report included a drug and alcohol evaluation. The trial court specifically asked the prosecutor whether Arredondo had been "screened" to determine his eligibility for drug and alcohol treatment, and the prosecutor responded affirmatively. The prosecutor then admitted that Arredondo qualified for drug and alcohol treatment. Thus, Arredondo's argument that no report was prepared and that drug and alcohol treatment was not considered as an option is not supported by the record—the State admitted the results of the evaluation were favorable to Arredondo. Nevertheless, the trial court, after considering the evidence and Arredondo's admission that he had received treatment in the past and had returned to drinking, decided not to release Arredondo on community supervision with drug and alcohol treatment as a condition. The trial court was entirely within its discretion to make such a ruling. *Speth v. State*, 9 S.W.3d 530, 533 (Tex.

### III. Conclusion

Because Arredondo waived his sole issue on appeal, we affirm.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 21st day of August, 2008.

Crim. App. 1999) ("[C]ommunity supervision is a privilege, not a right.").

7