NUMBER 13-07-740-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

PABLO BAUTISTA ARREDONDO, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 206th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides
 

 Appellant, Pablo Bautista Arredondo, Jr., appeals his convictions for felony driving
while intoxicated, Tex. Penal Code Ann. § 49.09(b) (Vernon Supp. 2007), and possession
of a controlled substance. Tex. Health & Safety Code Ann. § 481.115(a), (b) (Vernon
2003). After pleading guilty, Arredondo was sentenced to six years' confinement in the
Institutional Division of the Texas Department of Criminal Justice for the felony DWI, and
two years' confinement in the state jail division of the Texas Department of Criminal Justice
for the drug possession, with the sentences to run concurrently. On appeal, Arredondo
argues that the trial court erred by failing to order an alcohol and drug evaluation or,
alternatively, by failing to consult the evaluation before sentencing. See Tex. Code Crim.
Proc. Ann. art. 42.12 § 9(h) (Vernon 2006). Because Arredondo failed to object in the trial
court, he has waived any error. Accordingly, we affirm.

I. Background


 On June 28, 2007, Arredondo was arrested for driving while intoxicated and
possession of less than one gram of cocaine. He was indicted by a grand jury on August
16, 2007. The indictment alleged that prior to his arrest on June 28, Arredondo had been
convicted of driving while intoxicated on three prior occasions. 

 On September 5, 2007, Arredondo appeared in court and pleaded guilty to the
charges in the indictment and "true" to the indictment's enhancement paragraphs. The trial
court inquired whether the defendant was requesting a pre-sentence investigation report
("PSI"), and defense counsel indicated that Arredondo was seeking placement in a
Substance Abuse Felony Punishment Facility (SAFPF) (1):

 The Court: Were you requesting the PSI?

 

 Defense Counsel: Your Honor, if the court is so inclined, Your Honor. My
client has admitted that he is guilty of these two
charges, Your Honor, and--but he's seeking rehab,
Your Honor. He feels that he has a drinking
problem/drug problem and he would like, instead of just
being sent to prison where they--from a practical
standpoint, he says that they don't offer rehab there. 
So he was looking for maybe [SAFPF] so that he could
receive some serious treatment for his problems.


The trial court ordered a PSI report and reset the case for a sentencing hearing. 

 On October 17, 2007, Arredondo appeared for sentencing. Arredondo again
indicated that he was seeking drug and alcohol treatment. The trial court inquired whether
Arredondo had ever received treatment in connection with his prior alcohol-related
offenses. Arredondo's counsel and the prosecutor informed the court that Arredondo had
received shock probation and substance-abuse treatment three or four years earlier for his
prior DWI offense. After treatment, his probation was revoked, and he served four years
in prison. 

 The trial court inquired why Arredondo's probation had been revoked, and
Arredondo's counsel informed the court that Arredondo "didn't make some of the meetings
and . . . was unable to pay some of the fees." The trial court attempted to locate the order
revoking Arredondo's prior probation, referring to a "sentencing report." The trial court
recessed the hearing to confirm the reason for the prior revocation. 

 After a brief recess, the trial court again discussed with the attorneys whether
Arredondo's probation had been revoked for failure to pay fees and failure to attend
outpatient alcohol treatment meetings. Defense counsel again explained that Arredondo
did not attend alcohol treatment meetings because he did not have transportation. 

 The trial court then specifically asked whether Arrendondo was "screened for
SAPFP." The prosecutor stated that he was "screened" and confirmed that Arredondo was
eligible for alcohol and drug treatment. The trial court then stated that, once the records
from the prior convictions were available, it would confirm the reasons for Arredondo's prior
revocation of probation and consider treatment as an option. 

 The trial court then gave Arredondo one last chance to confirm the reasons for the
revocation of probation:

 The Court: I suspect that if I pulled the old file, that there's going to
be some things that you're not remembering as to why
you ended up getting revoked on this. And it's not just
simply because you had no transportation to go to A.A.
and therefore I revoked you to prison.

 

 The Defendant: Yes, ma'am.

 

 The Court: I would venture to say that there's some other reason. 
But in an over abundance of caution, I'm going to have
everyone request their files from storage, [sic] I'll look at
it. And it will not be in your best interest if I find out
what the other real reasons were that you were
revoked, not the excuse of no transportation.

 

 The Defendant: Yes, ma'am.

 

 The Court: So unless you have an all of a sudden refreshed
recollection of why you were revoked?

 

 The Defendant: Yes, ma'am. I didn't make the meetings, I didn't do the
community service hours. I did put the machine in my
mom's car, I didn't pay and I started drinking in June of
03 I believe it was.

 

 The Court: Okay. So you were drinking again? Correct?

 

 The Defendant: Yes, ma'am.

 

 The Court: Okay. You didn't say that before. You were talking
about not being able to get to where you needed and
transportation and your mom didn't want the device but
you didn't say anything about that you had started
drinking again.

 

 The Defendant: I--I told the probation officer, ma'am.

 

 The Court: Okay.

 

 The Defendant: And then he--I believe he put it in the report.


 At no time during the sentencing hearing did defense counsel object that the PSI
report did not contain a drug and alcohol treatment evaluation, nor did he request that the
evaluation be considered by the trial court prior to sentencing. The court assessed
punishment at six years' confinement for the DWI offense and two years' confinement for
the drug possession offense, to run concurrently. 

 The judgment recites that a pre-sentence investigation report was conducted under
Texas Code of Criminal Procedure article 42.12, section 9. The actual report, however,
does not appear in the record. The trial court certified Arredondo's right to appeal. This
appeal ensued.

II. Discussion


 By a single issue, Arredondo complains that the trial court failed to order an alcohol
and drug evaluation or, alternatively, failed to consult the evaluation before sentencing. 
The State counters that Arredondo waived his argument by failing to object to the contents
of the report and to the trial court's failure to consider the report prior to sentencing. 
Alternatively, the State argues that a PSI report was prepared, and the record shows that
the trial court considered the report, which adequately evaluated Arredondo's eligibility for
treatment. Furthermore, the State argues that any error is harmless because, at the
sentencing hearing, the trial court heard and considered sufficient evidence to make an
informed decision regarding the sentence.

 Texas Code of Criminal Procedure article 42.12, section 9(h) provides:

 On a determination by the judge that alcohol or drug abuse may have
contributed to the commission of the offense . . . . the judge shall direct a
supervision officer approved by the community supervision and corrections
department or the judge or a person, program, or other agency approved by
the Texas Commission on Alcohol and Drug Abuse, to conduct an evaluation
to determine the appropriateness of, and a course of conduct necessary for,
alcohol or drug rehabilitation for a defendant and to report that evaluation to
the judge.


Tex. Code Crim. Proc. Ann. art. 42.12 § 9(h). The statute is mandatory, in that a trial court
is required to order a drug and alcohol evaluation once it determines that alcohol or drugs
contributed to the offense. Overton v. State, 815 S.W.2d 895, 898 (Tex. App.-Fort Worth
1991, no pet.). However, a defendant may waive any error regarding the preparation of
the report by failing to call deficiencies in the report to the trial court's attention. See
Nguyen v. State, 222 S.W.3d 537, 542 (Tex. App.-Houston [14th Dist.] 2007, pet. ref'd)
(holding that party waives defects in PSI report by failing to point out deficiencies to the trial
court); Smith v. State, 91 S.W.3d 407, 410 (Tex. App.-Texarkana 2002, no pet.). 

 Arredondo requested that the trial court direct preparation of a PSI report. Although
the PSI report does not appear in the record, the trial court's judgment reflects that a PSI
report was prepared and that the trial court considered it prior to sentencing. Arredondo
argues on appeal that the record does not reflect that the report contained a drug and
alcohol evaluation. However, Arredondo did not object at trial that the PSI report was
deficient in this regard. Nor did he object that the trial court failed to consider the report
prior to sentencing. Accordingly, his complaint is waived. Nguyen, 222 S.W.3d at 542;
Smith, 91 S.W.3d at 410. (2) 

III. Conclusion

 Because Arredondo waived his sole issue on appeal, we affirm.


 

 GINA M. BENAVIDES,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 21st day of August, 2008. 


 
1. See Tex. Code Crim. Proc. Ann. art. 42.12 § 14 (Vernon 2006); Tex. Health & Safety Code Ann.
§ 493.009 (Vernon 2004).
2. Moreover, Arredondo did not request that the clerk include the PSI report in the appellate record. 
See Tex. R. App. P. 34.5(b). We note that although the report does not appear in the record, the punishment
hearing transcript indicates that the report included a drug and alcohol evaluation. The trial court specifically
asked the prosecutor whether Arredondo had been "screened" to determine his eligibility for drug and alcohol
treatment, and the prosecutor responded affirmatively. The prosecutor then admitted that Arredondo qualified
for drug and alcohol treatment. Thus, Arredondo's argument that no report was prepared and that drug and
alcohol treatment was not considered as an option is not supported by the record--the State admitted the
results of the evaluation were favorable to Arredondo. Nevertheless, the trial court, after considering the
evidence and Arredondo's admission that he had received treatment in the past and had returned to drinking,
decided not to release Arredondo on community supervision with drug and alcohol treatment as a condition. 
The trial court was entirely within its discretion to make such a ruling. Speth v. State, 9 S.W.3d 530, 533 (Tex.
Crim. App. 1999) ("[C]ommunity supervision is a privilege, not a right.").