In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00010-CR

                                                ______________________________

 

 

                                       LAKESHA BLOUNT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 36,780-A

 

                                                       
                                           

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            An
admitted theft of over $1,500.00 led to Lakesha Blount’s placement on deferred adjudication
community supervision for a period of four years.[1]  Blount failed to comply with terms of her
community supervision ordering her to pay fees, court costs, and
restitution.  The trial court adjudicated
Blount’s guilt and sentenced her to eighteen months in state jail.  Blount’s sole point of error on appeal
complains that the trial court erred in assessing punishment without doing a
presentence investigation (PSI).  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 9 (Vernon Supp. 2009).

            To
preserve a complaint for appellate review, the complaint must be “made to the
trial court by a timely request, objection, or motion.”  Tex. R.
App. P. 33.1(a)(1).  The record in
this case reveals that Blount failed to complain to the trial court about the
lack of PSI report.  Any “error in
failing to order a PSI report is waived if the defendant fails to object to the
failure or bring the failure to the trial court’s attention.”  Smith
v. State, 91 S.W.3d 407, 409 (Tex. App.—Texarkana 2002, no pet.); Buchanan v. State, 68 S.W.3d 136, 139
(Tex. App.—Texarkana 2001, no pet.).  
Because Blount’s sole point of error was not preserved, it is overruled.

            We affirm the judgment of the trial
court. 

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          August 6, 2010

Date Decided:             August 9, 2010

 

Do Not Publish

 

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.