Affirmed and Memorandum Opinion filed May 13, 2008








Affirmed and Memorandum Opinion filed May 13, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00141-CR

____________

 

DAVID MANUEL PEREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court 

Harris County, Texas

Trial Court Cause No. 1056013

 



 

M E M O R A N D U M   O P I N I O N

David Manuel Perez entered a plea of guilty to the offense
of aggravated robbery.  See Tex. Penal Code Ann. ' 29.03 (Vernon 2003).  The trial court
assessed punishment at thirty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In
three issues, appellant argues the trial court erred in failing to order an
alcohol and drug evaluation as part of the pre-sentence investigation report (APSI@) pursuant to Tex.
Code Crim. Proc. Ann. art. 42.12, ' 9(h) (Vernon
2006), and argues he received ineffective assistance of counsel.  We affirm. 








FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of
aggravated robbery as a second offender.  On December 4, 2006, appellant
entered a plea of guilty with no agreed recommendation for the sentence, and
requested the court order a PSI report before sentencing.  As part of the plea
agreement, the State agreed to abandon the second offender enhancement
paragraph.  Appellant was informed by the court aggravated robbery is
punishable by not less than five years, and no more than ninety-nine years or
life in prison. Following a hearing on February 8, 2007, the court assessed
punishment at thirty years= confinement. 

A.      The PSI
Report

According to the PSI report, on January 31, 2006 at 6:03
p.m., a police officer was dispatched to the Value Village Store located at
9500 Jensen regarding a robbery.  The complainant stated she was in her car
with her three children, putting on her seat belt, when a man holding a shotgun
and a bag opened her car door.  The complainant later identified appellant as
the suspect.  Appellant told her to get out of her car or he was going to kill
her and her children.  The complainant and her children got out of the car, and
appellant fled in her Excursion.

At 11:31 p.m. that same day, officers were dispatched to
4703 North Main regarding a suspicious person.  The caller stated the person
was driving in and out of the parking lot screeching his tires.  The officer,
after watching this activity, checked the license plate number and learned the
car had been stolen in an aggravated robbery at 9500 Jensen.  The officer took
appellant into custody and searched the vehicle, finding a shotgun next to
appellant under a jacket.








Appellant was interviewed by Officer Lovelace of the
Robbery Division, and he denied any involvement in the robbery.  Appellant
claimed to have been with Joel Perez (Joel) and Shelly Wise at the time of the
robbery.  Officer Lovelace spoke with Joel and Wise, and Joel stated appellant
came by his house bragging about Ajacking the car
from some lady.@  Wise stated appellant picked her up in
the vehicle and bragged about stealing it.  Wise stated when she was in the
vehicle with appellant, another man named Easy was also in the vehicle.  Easy
told her appellant had stolen a blue or white van from someone earlier in the
morning. 

The robbery database was checked and it was found that a
white van had been stolen at 9:15 a.m. that same day.  The offense report
stated that two Hispanic males approached the owner of the white van, pulled
out a shotgun from a black duffel bag, and demanded the owner=s wallet.  The
owner of the white van was asked to come to the police station for a line-up to
identify the suspect, but he never showed.   

Appellant claimed he was not guilty of the offense in a
letter he wrote to the court. Appellant claimed he was in a car driven by a
friend, and did not know the car was stolen. Appellant explained he was sitting
in the drivers seat, waiting for his friend to come back to the car, when he
fell asleep and was awakened by police officers.  Appellant wrote he pled
guilty because he hoped the court would grant him community supervision, and if
the court did so he would straighten up his life and Astay away from all
those negative people in [his] life that may mess over [him].@  In an interview
with the PSI writer, appellant explained he pled guilty to the offense because
the complainant=s daughter had picked him out in a lineup
and he did not think he stood a chance at trial.  Appellant also stated he was
never on probation and wanted the court to give him a second chance.  








Appellant=s criminal record consists of eight felony
convictions and three misdemeanor convictions.  Appellant was convicted for
controlled substance conspiracy in 2002, delivery of a controlled substance in
2003, and for possession of a controlled substance in 2004.  The conviction for
controlled substance conspiracy occurred in Denver, Colorado, and following
that conviction appellant was placed on probation.  Appellant failed to report
for probation and was sentenced to sixty days in the Denver County Jail. 
Following his release, appellant failed to report for probation, fled Colorado,
and moved to Houston.  A warrant was issued for appellant=s arrest which is
currently active.

Appellant was on parole for a prior evading arrest
conviction when he committed the aggravated robbery.   Appellant was released
from prison on parole on January 13, 2006, and his parole was revoked on March
1, 2006.  The discharge date of appellant=s parole was May
9, 2007.

Appellant reported in an interview with the PSI writer he
smoked marijuana as a teenager, but denied any further use since he was
fifteen.  Appellant stated to the PSI writer he was addicted to cocaine at one
point in his life and sought treatment at Charter Hospital in 1996, but he also
stated the last time he used cocaine was when he was twenty-three years old,
which was over four years ago.  Appellant informed the PSI writer he drank
alcohol occasionally and denied he had a problem with alcohol.  

B.      Testimony
During The Punishment Phase

During the punishment phase, appellant testified he had a
past drug problem and entered Alcoholic=s Anonymous (AA)
while in jail.  Appellant testified he attended AA meetings because he wanted a
sponsor to help him, because A[he] still need[ed] all the help [he]
c[ould] get.@  Appellant testified the drug problems he had in the
past contributed to some of his past behavior prior to being placed in jail.                    

DISCUSSION

A.      Did The
Trial Court Err in Failing to Order a Drug and Alcohol Evaluation Prior to
Sentencing? 








In appellant=s first issue, he
argues the trial court erred when it failed to order a drug and alcohol
evaluation as part of the PSI report pursuant to Tex. Code Crim. Proc. Ann.
art. 42.12, ' 9(h).  Specifically, he argues there was ample
evidence to determine that alcohol and drugs contributed to appellant
committing the crime, and therefore the trial court erred by not ordering a
drug and alcohol evaluation prior to sentencing.  

1. Standard of Review 

Article 42.12, Section 9(h) provides in part:

(h) On a determination by the judge
that alcohol or drug abuse may have contributed to the commission of the
offense, . . . the judge shall direct a supervision officer . . . to conduct an
evaluation to determine the appropriateness of, and a course of conduct
necessary for, alcohol or drug rehabilitation for a defendant and to report
that evaluation to the judge.  The evaluation shall be made: . . .

(2) after conviction and before
sentencing, if the judge assesses punishment in the case.

Tex.
Code Crim. Proc. Ann. art. 42.12, ' 9(h).  The
statute is mandatory. Smith v. State, 91 S.W.3d 407, 409 (Tex. App.CTexarkana 2002, no
pet.).  However, a party must assert his right to a substance abuse evaluation
or it is waived.[1]
Alberto v. State, 100 S.W.3d 528, 529 (Tex. App.CTexarkana 2003, no
pet.); see Nguyen v. State, 222 S.W.3d 537, 541B42 (Tex. App.CHouston [14th
Dist.] 2007, pet. ref=d) (appellant=s failure to
object at trial resulted in waiver of any error in trial court=s failure to order
a psychological evaluation as part of the PSI report; psychological evaluation
is Aanalogous@ to alcohol and
drug evaluation); see also Tex. R. App. P. 33.1(a). 

 

 








2. Error was Waived

Appellant failed to object at or after the sentencing
hearing to the court=s failure, if any, to order a report under
Tex. Code Crim. Proc. Ann. art. 42.12, ' 9(h).  Because
appellant failed to assert his right or bring the court=s attention to
these alleged inadequacies of the PSI, any error is waived. See Tex. R.
App. P. 33.1(a).  Accordingly, appellant=s first issue is
overruled.  

B.      Did
Appellant Receive Ineffective Assistance of Counsel?

In his second and third issues, appellant argues he
received ineffective assistance of counsel.  First, appellant argues he
received ineffective assistance of counsel because trial counsel failed to
request that the trial court conduct an alcohol and drug evaluation.  Second,
he argues he received ineffective assistance of counsel because trial counsel
failed to object that an extraneous aggravated robbery described in the PSI
report was not proven beyond a reasonable doubt.[2] 
We disagree.  

1.       Standard
of Review 

In reviewing claims of ineffective assistance of counsel, we apply a two-prong test. See Salinas v. State,
163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)).  To
establish ineffective assistance of
counsel, appellant must prove by a preponderance of the
evidence that (1) his trial counsel's representation was deficient in that it
fell below the standard of prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel's deficiency, the result of the
trial would have been different.  Id.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Mallett v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).








          An accused is entitled to reasonably effective
assistance of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim.
App. 1983).  However, reasonably effective assistance of counsel does not mean
an accused is entitled to error-free representation. Ex parte Felton,
815 S.W.2d 733, 735 (Tex. Crim. App. 1991).  When evaluating a claim of ineffective
assistance, the appellate court looks to the totality of the representation and
the particular circumstances of each case.  Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999).  There is a strong presumption counsel's
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  Salinas, 163 S.W.3d at 740; Stults v. State, 23
S.W.3d 198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To overcome
the presumption of reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Thompson,
9 S.W.3d at 813.  When determining the validity of an ineffective
assistance of counsel claim, any
judicial review must be highly deferential to trial counsel and avoid the
deleterious effects of hindsight.  Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984).  When the record is silent as to the reasons for
counsel's conduct, a finding that counsel was ineffective would require
impermissible speculation by the appellate court.  Stults, 23 S.W.3d at
208.  Absent specific explanations for counsel's decisions, a record on direct
appeal will rarely contain sufficient information to evaluate an ineffective
assistance claim.  See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002).

2.       Trial
Counsel=s Failure to
Request a Drug and Alcohol Evaluation in the PSI Report was not Deficient.

In his second issue, appellant contends trial counsel=s silence in
regard to the alcohol and drug evaluation is evidence of ineffective assistance
of counsel. We disagree.








In order to show ineffective assistance of counsel, an
appellant must first show that his trial counsel's representation was deficient
in that it fell below the standard of prevailing professional norms. Salinas,
163 S.W.3d at 740.  Appellant failed to show trial counsel=s failure to
request an alcohol and drug evaluation fell below the standard of prevailing
professional norms.   

There was no direct evidence that alcohol or drug abuse
contributed to appellant=s commission of the aggravated robbery. 
Appellant admitted he had an addiction to cocaine, but he also stated in the
PSI report he had not used cocaine in over four years.  Appellant stated he
occasionally drank alcohol, but denied having a problem with alcohol or being
addicted to alcohol.  Appellant stated in the PSI report he had not smoked
marijuana since he was fifteen years old. 

The only testimony that even remotely indicated appellant
had a problem with alcohol or drugs was his testimony during the punishment
phase of the trial.  Appellant testified he attends AA meetings in jail and he
had a drug problem in the past.  He testified his past drug problems
contributed to some of his past behavior.

All of appellant=s drug use was in
the past, and he denied ever having an addiction to alcohol.  There is no basis
in the record to support trial counsel requesting an alcohol and drug
evaluation.  Trial counsel=s alleged errors do not rise to the level
such that no reasonable attorney could have made such trial decisions. 
Appellant failed to rebut the strong presumption counsel was performing in a
reasonably professional manner.  Because appellant has failed to establish the
deficient performance prong of Strickland, we do not reach the prejudice
prong.  We overrule appellant=s second issue.  

3.       Appellant
Failed to Demonstrate How Trial Counsel=s Failure to
Object to the Extraneous Aggravated Robbery in the PSI Report Caused Harm.  








In his third issue, appellant contends he received
ineffective assistance of counsel because trial counsel failed to
object that an extraneous aggravated robbery described in the PSI report was
not proven beyond a reasonable doubt.  Assuming without deciding trial counsel=s failure to
object to the extraneous aggravated robbery described in the PSI report
violates the first prong of Strickland, appellant failed to demonstrate
how this failure harmed him.  

Appellant argues the extraneous aggravated robbery in the
PSI report contributed to appellant=s lengthy
punishment.  Specifically, appellant argues the trial court likely considered
the second aggravated robbery in assessing appellant=s punishment
because it exceeded the State=s request for twenty-five years= confinement.  We
disagree. 

          There
is ample evidence supporting the trial court=s punishment.  At
the time appellant was sentenced, there was an active warrant for his arrest in
Colorado for failing to report for probation.  Appellant failed to report for
probation after he was convicted for controlled substance conspiracy, a third
degree felony.  Appellant was sentenced to sixty days= confinement in
the Denver County Jail.  Upon release appellant once again failed to report for
probation, fled Colorado, and moved to Houston.  A warrant was issued for
appellant=s arrest which at the time of sentencing was still
active.

Appellant has eight felony convictions and three
misdemeanor convictions since 1999.  Appellant=s felony
convictions were for theft, delivery of a controlled substance, forgery, two
convictions for unauthorized use of a motor vehicle, possession of a controlled
substance, the aforementioned controlled substance conspiracy, and evading
arrest.  Appellant was released from prison on parole on January 13, 2006,
following his conviction for evading arrest.  Appellant committed this
aggravated robbery a mere eighteen days later.[3] 
Appellant=s parole had been revoked at the time of sentencing in
this case, and was set to discharge on May 9, 2007.








Appellant pled guilty to an offense that carried a
punishment range of five years to ninety-nine years or life in prison. 
Appellant was sentenced to thirty years= confinement.  Under
these facts, thirty years= confinement is a reasonable sentence in
relation to the crime.  Thus appellant has not established by a preponderance
of the evidence that there is a reasonable probability that, but for trial
counsel=s alleged
deficiencies, the result of the trial would have been different.  Appellant=s third issue is
overruled. 

Conclusion

Having overruled each of appellant=s issues, we
affirm the judgment of the trial court. 

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed May 13, 2008.

Panel consists of Chief Justices Hedges,
and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  We have ruled on this issue before, and held the
same. Leyva v.
State, No.
14-02-00849-CR, 2005 WL 240610, at *1 (Tex. App.CHouston [14th Dist.] Feb. 3, 2005, no pet.) (mem.
op., not designated for publication).





[2]  Appellant argues the extraneous aggravated robbery
was not proven beyond a reasonable doubt because there was no direct, eye
witness, or circumstantial evidence in the report linking appellant to the
alleged event.





[3]  The date of the aggravated robbery was January 31,
2006.